**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Robert Lee LEWIS, Defendant–Appellant.**

**No. 90–4190**
**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

Jan. 4, 1991.

---

Kent W. Johns, Johns & Johns, Beaumont, Tex. and John E. Sherman, Houston, Tex., for defendant-appellant.

Debra A. Carr and Bob Wortham, U.S. Attys., Beaumont, Tex., for plaintiff-appellee.

Before GEE, SMITH, and WIENER, Circuit Judges.

PER CURIAM:

■ Defendant Robert Lewis appeals the sentence he received following his plea of guilty to a charge of unlawful acquisition of food stamps in violation of 7 U.S.C. § 2024(b). Concluding that Lewis's notice was not timely filed, we dismiss the appeal for want of jurisdiction. Although the parties have not mentioned the jurisdictional issue, we must examine the basis of our jurisdiction, on our own motion if necessary. *Mosley v. Cozby,* 813 F.2d 659, 660 (5th Cir.1987) (per curiam).

■ Immediately prior to pronouncing sentence, the district court invited Lewis to file a motion for a new trial. Lewis filed the motion within seven days as required under Fed.R.Crim.P. 33, and the court held a hearing on the motion at which Lewis challenged, *inter alia,* the court's application of the federal sentencing guidelines. The motion, however, is not properly characterized as one for a new trial. Such was not available to Lewis, as he had pleaded guilty, and the time for making the motion is within seven days "after verdict or finding of guilty," not imposition of sentence.

■ Nevertheless, because the motion was filed within the ten days allowed for noticing a criminal appeal under Fed.R. App.P. 4(b), the motion may be construed as a timely filed motion for reconsideration. Although such motions are nowhere explicitly authorized in the Federal Rules of Criminal Procedure, they are a recognized legitimate procedural device. *See United States v. Cook,* 670 F.2d 46, 48 (5th Cir.), *cert. denied,* 456 U.S. 982, 102 S.Ct. 2255, 72 L.Ed.2d 860 (1982). The effect of a timely filed motion to reconsider is to extend the time in which to appeal so that it begins to run when the motion is denied.

*See United States v. Healy,* 376 U.S. 75, 78, 84 S.Ct. 553, 555, 11 L.Ed.2d 527 (1964).

On January 11, 1990, the order denying Lewis's motion was filed and entered on the docket. At the bottom of the order, the court wrote "January 10, 1989," although the year should have been 1990. On January 30, 1990, the court filed an order identical to the first except that the date "January 30, 1990," appeared thereon. The second order was entered on January 31, 1990.

■ Thereafter, on March 1, 1990, Lewis filed a motion for an extension of time to file a notice of appeal. Such a motion, based upon insertion of excusable neglect, must be filed within forty days of the entry of the order disposing of the motion to reconsider. *See* rule 4(b); *United States v. Awalt,* 728 F.2d 704, 705 (5th Cir.1984) (per curiam) (on pet. for rehg.). The district court granted the motion on March 9, 1990, and Lewis filed a notice of appeal on the same day. In both his motion and his notice of appeal, Lewis referred only to the order entered January 31.

■ Lewis's notice of appeal is timely filed only if measured from the district court's re-entered order of January 31. However, we are aware of no authority suggesting that the "defect" in the first order rendered it ineffective, and Fed.R. Crim.P. 36 permits the court to correct clerical errors at any time. We must address, therefore, what effect, if any, the re-entered order had on the running of the relevant time limits.

Although this question has not been addressed in a criminal appeal, we recently have held in an analogous civil case that an "immaterial change in an amended judgment does not enlarge the time for filing an appeal or post-judgment motion." *See First Nationwide Bank v. Summer House Joint Venture,* 902 F.2d 1197, 1200 (5th Cir.1990) (re-entered order reflecting minor spelling change in party's name did not affect running of time for filing motion under Fed.R.Civ.P. 59(e)); *accord Offshore Prod. Contractors, Inc. v. Republic Underwriters Ins. Co.,* 910 F.2d 224, 229 (5th Cir.1990). We know of no reason why the same result should not obtain in a criminal case.

Hence, Lewis's notice of appeal is untimely. We are without jurisdiction, and the appeal accordingly is DISMISSED.