80 P.3d 1043

**TWIN FALLS COUNTY, Plaintiff–Respondent,**

v.

**William COATES, Jr., William & Christina Evans, Robert Tyler, Farmer's National Bank, William Coates, Sr., and Jeff Hartman, Defendants,**

and

**William & Christina Evans, Defendants–Counterclaimants–Respondents,**

v.

**William Coates, Jr. & Julie Coates, Defendants–Counterclaimants–Appellants.**

**No. 28397.**

Supreme Court of Idaho, Twin Falls, November 2003 Term.

Nov. 20, 2003.

---

William L. Coates, Jr. and Julie Coates, Hansen, appellants pro se. Julie Coates argued.

Grant P. Loebs, Prosecuting Attorney, Twin Falls, for respondent Twin Falls County. Rosemary Emory, Deputy Prosecuting Attorney, argued.

Jeffrey E. Rolig, Twin Falls, for respondents William and Christina Evans. Jeffrey Rolig argued.

EISMANN, Justice.

The county seized a herd of dairy cattle on the ground that they were without proper care and attention, ultimately sold the cattle, and then brought this action seeking compensation for caring for the cattle prior to the sale and distribution of the remaining sale proceeds to those entitled to them. The owners of the cattle appeal the court-ordered distribution of the proceeds. We affirm the district court.

## I. FACTS AND PROCEDURAL HISTORY

William Coates, Jr., entered into an oral agreement to lease a dairy barn and pasture (Evans dairy) from William and Christina Evans. Pursuant to that agreement, Mr. Coates moved his cattle to the Evans dairy. Shortly after he did so, the Idaho Department of Agriculture inspected the dairy and notified Mr. Coates that he would not receive "Grade A" certification from the state because one of the lagoons did not comply with the state's environmental regulations. Without that certification, Mr. Coates could not sell the milk produced by his cattle. He therefore refused to pay the Evans rent and stopped feeding and watering his cattle.

The Evanses claimed a lien on the cattle pursuant to Idaho Code § 45–805. They contended that the amount owing as of November 29, 1996, for hay, pasture, and barn rent was the sum of $6,332.40. On December 18, 1996, Mr. Coates went to the Evans dairy to remove the cattle. Mr. Evans summoned a deputy sheriff to prevent the removal of the cattle, and Mr. Coates left without them. On December 19, 1996, Mr. Coates again went to the Evans dairy to remove the

cattle. When Mr. Evans would not let him do so, they reached an agreement under which Mr. Coates paid Mr. Evans $3,000, Mr. Evans reduced the remaining balance to $3,000, and Mr. Evans agreed to release the cattle upon Mr. Coates executing a formal security agreement to secure payment of the remaining $3,000. Mr. Coates was going to return the next day to remove the cattle, but before he did so Twin Falls County seized the cattle pursuant to Idaho Code § 25–3511 on the ground that they were without proper care and attention.

Twin Falls County placed the cattle in the custody of Jeff Hartman, as sheriff's keeper, to care for them temporarily. Mr. Coates did not redeem the cattle, and on February 19, 1997, the County had the cattle sold at auction, receiving therefrom the sum of $22,745.04. On February 27, 1999, it filed this action seeking a ruling that it was entitled to receive from the proceeds the amount owed to Mr. Hartman for keeping the cattle and a determination of which parties were entitled to the balance of the proceeds. The defendants filed various counterclaims and cross-claims that are not relevant to this appeal.

The issue of the amount due for Mr. Hartman's care of the cattle was tried to a jury on September 28 and 29, 1999. Based upon the jury's verdict, the district court entered judgment on April 19, 2000, determining that Twin Falls County was entitled to $6,842.68 from the sale proceeds. That judgment was certified as final pursuant to Rule 54(b) of the Idaho Rules of Civil Procedure.

The claims involving all other parties except those between the Evanses and the Coateses had been resolved, and on July 18, 2000, the district court ordered the parties realigned so that the Evanses were plaintiffs and the Coateses were defendants. On August 7, 2001, the Evanses filed an amended complaint against the Coateses in which they sought to recover the $3,000 remaining owing for hay and feed and an additional $42,727.59 for property damage. The Coateses failed to timely plead or otherwise defend against the amended complaint, and on September 6, 2001, the Evanses obtained a default judgment for the sum of $86,062.70, which included interest, costs, and attorney fees.

On September 19, 2001, the Coateses filed a motion to set aside the default judgment. After hearing the matter, the district court found that they had shown excusable neglect and that they had shown a meritorious defense as to all claimed damages except the $3,000 owing as the balance due for caring for the cattle. The district court set aside the default judgment except as to that $3,000 debt. On July 23, 2001, the district court filed an amended default judgment in the sum of $3,000, plus interest in the sum of $1,352.22.

The remaining claims between the Evanses and the Coateses were then tried and determined to be without merit. On February 7, 2002, the district court entered a second final judgment reiterating the prior award to the Evanses of the sum of $3,000, plus interest; declaring that such sum can be paid from the funds remaining from the sale of the cattle; and dismissing the remaining claims with prejudice. The Coateses timely filed a motion for new trial, which the district court denied on March 5, 2002. On March 20, 2002, the Coateses then filed a notice of appeal.

## II. ANALYSIS

■ The Coateses raise various arguments attacking the judgment obtained by Twin Falls County on April 29, 2000. The district court certified that judgment as final pursuant to Rule 54(b) of the Idaho Rules of Civil Procedure, and the Coateses did not file their notice of appeal until March 20, 2002, well past the forty-two-day time limit for filing an appeal from that judgment. A timely notice of appeal is a jurisdictional prerequisite to challenge a decision made by a lower court. *Miller v. Board of Trustees*, 132 Idaho 244, 970 P.2d 512 (1998). Therefore, we cannot consider the Coateses's challenge to the judgment in favor of Twin Falls County. *Dunlap v. Cassia Memorial Hospital and Medical Center*, 134 Idaho 233, 999 P.2d 888 (2000).

■ The Coateses argue that the Evanses did not properly foreclose their lien because

they did not follow the statutory procedure prescribed by Idaho Code § 45–805(b) for selling the cattle. The Evanses did not sell the cattle, however, Twin Falls County did. The Coateses also argue that because the lien created by Idaho Code § 45–805(b) is "dependent on possession," the Evanses lost their lien when Twin Falls County took possession of the cattle. Although a lien dependent on possession is lost if the holder of the lien voluntarily relinquishes possession of the property or restores it to the owner, *Ag Services of America, Inc. v. Kechter*, 137 Idaho 62, 44 P.3d 1117 (2002); IDAHO CODE § 45–115 (2003), the Evanses did not do so. Twin Falls County, in the exercise of its police power, took the cattle from the Evans dairy. The Coateses raise various other issues regarding their litigation against the Evanses, but they do not raise any issues that would alter the judgment of the district court. The Coateses do not challenge the default judgment granted to the Evans for the $3,000, plus interest. They likewise do not challenge any actions of the district court regarding the dismissal of their claims against the Evanses. We will therefore not address those issues. The Coateses have not shown any basis for setting aside or altering the judgment of the district court.

■■■ Both Twin Falls County and the Evanses request attorney fees on appeal pursuant to Idaho Code § 12–121. They can be awarded attorney fees on appeal under that statute only if the Coatses's appeal was brought frivolously, unreasonably, or without foundation. *Gustaves v. Gustaves*, 138 Idaho 64, 57 P.3d 775 (2002). Pro se litigants are held to the same standards and rules as those represented by an attorney. *Golay v. Loomis*, 118 Idaho 387, 797 P.2d 95 (1990). Attorney fees will be awarded against a pro se appellant who brought or pursued the appeal frivolously, unreasonably, or without foundation. *King v. Lang*, 136 Idaho 905, 42 P.3d 698 (2002); *Bowles v. Pro Indiviso, Inc.*, 132 Idaho 371, 973 P.2d 142 (1999). The Coateses pursued this appeal against Twin Falls County even though they filed their notice of appeal over twenty-one months too late. We award attorney fees on appeal to Twin Falls County. With respect to the Evanses, the Coateses presented arguments that did not have any foundation in fact or law, and they did not even challenge the judgments entered by the district court. We also award attorney fees on appeal to the Evanses.

### III. CONCLUSION

The judgment of the district court is affirmed. We award costs on appeal, including reasonable attorney fees, to the respondents.

Chief Justice TROUT, Justice SCHROEDER, and Justice Pro Tem SCHILLING concur.

Justice KIDWELL concurs except as to the award of attorney fees on appeal.