**IN THE SUPREME COURT OF THE STATE OF IDAHO**

**Docket No. 36877**

| | | |
|---|---|---|
| **STATE OF IDAHO,** | ) | |
| | ) | **Boise, August 2010 Term** |
| **Plaintiff-Respondent,** | ) | |
| | ) | **2010 Opinion No. 118** |
| **v.** | ) | |
| | ) | **Filed: November 24, 2010** |
| **ALBERT A. CICCONE,** | ) | |
| | ) | **Stephen Kenyon, Clerk** |
| **Defendant-Appellant.** | ) | |

Appeal from the District Court of the Fourth Judicial District of the State of Idaho, Elmore County. Hon. Michael E. Wetherell, District Judge.

The appeal is <u>dismissed</u>.

Molly Huskey, State Appellate Public Defender, Boise, for appellant. Eric Lehtinen argued.

Hon. Lawrence G. Wasden, Attorney General, Boise, for respondent. Lori Fleming argued.

_____

HORTON, Justice

This is an appeal by Albert Ciccone from his convictions for first and second degree murder. We dismiss this appeal because his notice of appeal was untimely.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Ciccone was charged with two counts of first-degree murder for striking his pregnant wife, Kathleen Ciccone, with his car, thereby killing both her and her unborn child. On January 26, 2005, a jury found Ciccone guilty of first-degree murder for killing his wife and guilty of second-degree murder for killing her fetus.

The district court pronounced sentence on June 7, 2005. On that same date, the district court entered a judgment imposing a determinate life sentence for the first-degree murder and a concurrent determinate fifteen year sentence for the second-degree murder. The judge's signature was dated June 7, 2005. However, the filing stamp that was subsequently affixed to the judgment by the clerk of the court bears a handwritten notation of May 7, 2005. The district court apparently became aware of the discrepancy and entered an amended judgment on June 21,

2005. The only changes from the earlier judgment were the dates of the judge's signature and the filing stamp. On August 2, 2005, exactly 42 days after entry of the amended judgment, Ciccone filed his notice of appeal. The Idaho Court of Appeals dismissed the appeal for lack of jurisdiction. This Court granted Ciccone's petition for review.

## II. STANDARD OF REVIEW

When this Court grants a petition for review of a decision of the Court of Appeals, it "gives serious consideration to the views of the Court of Appeals, but directly reviews the decision of the lower court." *State v. Oliver*, 144 Idaho 722, 724, 170 P.3d 387, 389 (2007). "Jurisdictional issues . . . and the interpretation of statutory language . . . are questions of law over which this Court exercises free review." *Christian v. Mason*, 148 Idaho 149, ___, 219 P.3d 473, 475 (2009).

## III. ANALYSIS

**This Court lacks jurisdiction to entertain this appeal because the judgment was entered on June 7, 2005, and Ciccone's August 2, 2005 notice of appeal was not timely.**

The timely filing of a "notice of appeal is a jurisdictional prerequisite to challenge a decision made by a lower court." I.A.R. 21; *Twin Falls Cnty. v. Coates*, 139 Idaho 442, 444, 80 P.3d 1043, 1045 (2003). While an appeal as of right may be taken from a district court's judgment of conviction in a criminal matter, I.A.R. 11(c), failure to timely file such notice "shall cause automatic dismissal of such appeal or petition, upon the motion of any party, or upon the initiative of the Supreme Court." I.A.R. 21. Under Idaho Appellate Rule 14(a), entry of a judgment opens a 42-day window within which a party's notice of an appeal as of right must be filed; that is, unless a notice of appeal is filed "within 42 days from the date evidenced by the filing stamp of the clerk of the court," the appellate courts of this state are without jurisdiction to decide the appeal. I.A.R. 14(a); I.A.R. 21. Thus, whether this Court has jurisdiction to hear Ciccone's appeal hinges on the degree of accuracy required of the filing stamp.

Ciccone argues that the clerical error on the filing stamp, which wrongly indicated the date of filing as May 7, 2005, requires the conclusion that the June 7, 2005 judgment "never became a valid, final, appealable order." Rather, he argues that because the filing stamp on the June 21, 2005 amended judgment correctly reflected its filing date, it was the first judgment effectively entered, thereby first opening the 42-day window. Thus, he asserts that because he

filed his notice of appeal on the 42nd day following the June 21, 2005 entry of judgment, we have jurisdiction to consider this appeal.

Ciccone urges this Court to accept too narrow a reading of our rules of trial and appellate procedure. Idaho Criminal Rule 49(c) provides that "[d]ocuments shall be filed in the manner provided in civil actions." Thus, we look to the rules of civil procedure to decide this case. Before a final judgment may take effect, its entry—a procedural mechanism that protects the public's interests in accessibility, administrative efficiency, and consistency—is required. "[T]he placing of the clerk's filing stamp on the judgment constitutes the entry of the judgment; and the judgment is not effective before such entry." I.R.C.P. 58(a). Thus, in order to be effective, a judgment must be file stamped by the clerk of court. *Id*. The stamp contains administrative information including the date, hour, and minute at which the document is filed, I.R.C.P. 5(d) & (e), and "the date evidenced by the filing stamp" serves as a reference point from which to calculate the 42-day period for appeal. I.A.R. 14(a).

While the information contained in the filing stamp is meant to advance administrative efficiencies, the rules do not, as Ciccone suggests, require infallibility in the administrative process. Rather, as the State notes, the rules anticipate just the opposite: "Clerical mistakes in judgments . . . arising from oversight or omission may be corrected by the court at any time and after such notice, if any, as the court orders." I.C.R. 36. Further, the language of the appellate rule governing the filing of a notice of appeal itself refers to the stamp's date as "evidence[]" of the date initiating the 42-day jurisdictional period for appeal, suggesting that the information contained in the clerk's stamp is informative rather than dispositive. I.A.R. 14(a). Likewise, the governing criminal rule's reference to the filing stamp as "indicating the date of filing" suggests that the stamp's content is intended to inform rather than govern. I.C.R. 49(b).

A clerk's mailing or delivery to the parties of a copy of the entered judgment "is sufficient notice for all purposes under these rules." *Id*. "Lack of notice of entry of an appealable order or judgment does not affect the time to appeal . . . , except where there is no showing of mailing or delivery by the clerk in the court records *and* the party affected thereby had no actual notice." *Id*. (emphasis added). Thus, a party that does not timely appeal cannot complain of prejudice due to lack of notice that the 42-day window had begun unless *both* the clerk cannot prove it served the document *and* the party did not actually know that a final judgment had been entered. Here, the deputy clerk's certificate of mailing, maintained in the

court records and also provided to each of the parties, indicates that a copy of the June 7, 2005 judgment was served on Ciccone's attorney on June 8, 2005 – the day immediately following the district court's pronouncement of sentence.

Although the judgment bore an incorrect date, the service of the document fulfilled the administrative objectives of the court rules because it gave actual notice to Ciccone's attorney that judgment had been entered and Ciccone's interest in notice of entry of the judgment was satisfied. The date on the filing stamp was manifestly erroneous and could not have misled Ciccone or his attorney.[1]

Although the clerk's stamp was marked May 7, 2005, other circumstances clearly demonstrate that the document was actually filed on June 7, 2005, including the June 7, 2005 date of the sentencing hearing, the June 7, 2005 signature of the district court judge, a handwritten memorandum entry in the district court file reflecting entry of judgment on June 7, 2005, the June 8, 2005 service of mailing, and, perhaps most significantly, the fact that May 7, 2005 fell on a Saturday one month prior to the date of the sentencing hearing from which the judgment arose. We conclude that the judgment was filed on June 7, 2005, and the May 7, 2005 date is simply the result of clerical error.

The amended judgment entered on June 21, 2005 is identical to the earlier judgment, save for the June 21, 2005 date reflected by the judge's signature and filing stamp. If we were to hold that the amended judgment triggered the time for an appeal, we would effectively be holding that a patent clerical error permits a district court judge to enlarge the 42-day jurisdictional window for appeal. Although I.C.R. 36 provides for the correction of clerical mistakes in judgments, neither our court rules nor case law recognize the power of a district court to enlarge the time for appeal. Rather, "the time within which a losing party must seek review cannot be enlarged just because the lower court in its discretion thinks it should be enlarged." *Fed. Trade Comm'n v. Minneapolis-Honeywell Regulator Co.*, 344 U.S. 206, 211 (1952) (considering timeliness of petition for certiorari). In the context of criminal appeals, this is so because "[t]he period of appeals for all criminal defendants in this state must be enforced uniformly." *State v. Payan*, 128 Idaho 866, 867, 920 P.2d 82, 83 (Ct. App. 1996).

---

[1] If the erroneous date were to have misled Ciccone or his attorney, it would have served to instill a sense of urgency to file an expedited notice of appeal within 42 days of May 7, 2005.

The window of appellate jurisdiction may be enlarged only in limited and well-defined circumstances. A district court's retention of jurisdiction over a criminal defendant enlarges the window. I.A.R. 14(a). Similarly, a party's motion capable of affecting the judgment may extend the 42-day period, but only if such motion is filed within 14 days of the judgment. *Id.* The only other circumstance previously recognized by an appellate court of this state is application of the "mailbox rule" to a notice of appeal filed by an incarcerated pro se litigant. *State v. Lee*, 117 Idaho 203, 205, 786 P.2d 594, 596 (Ct. App. 1990).

The Idaho Court of Appeals has concluded that entry of an amended judgment that is substantively identical to the original judgment does not enlarge the period for filing an appeal. *Payan*, 128 Idaho at 867, 920 P.2d at 83. The court of appeals concluded that the amended judgment in *Payan* did not enlarge the period for filing because it merely made note of credit for time served and did not affect the substantive terms of the original judgment. *Id.* In a Fifth Circuit case with facts analogous to those in the present case, an order was dated January 10, 1989 when in fact the year was 1990. *U.S. v. Lewis*, 921 F.2d 563, 565 (5th Cir. 1991) (per curiam). On January 30, 1990, the district court filed an order identical to the first except that its date read "January 30, 1990." *Id.* The Fifth Circuit held that "an 'immaterial change in an amended judgment does not enlarge the time for filing an appeal.'" *Id.* (quoting *First Nationwide Bank v. Summer House Joint Venture*, 902 F.2d 1197, 1200 (5th Cir. 1990)). We adopt the reasoning of these cases: when an amended judgment alters content other than the material terms from which a party may appeal, its entry does not serve to enlarge the time for appeal.

In this case, the amended judgment did not alter the material terms of Ciccone's sentence.[2] Rather, the only changes were the dates of the judge's signature and the filing stamp. For that reason, the amended judgment did not trigger a new period during which an appeal could be taken and the notice of appeal filed on August 2, 2005 was not timely.

## IV. CONCLUSION

We dismiss this appeal for lack of jurisdiction.

Chief Justice EISMANN and Justices BURDICK, J. JONES and W. JONES **CONCUR**.

---

[2] Rather than entering an amended judgment, the district court should have simply entered an order correcting the clerical error as provided by I.C.R. 36.