**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 39043**

| | | |
|---|---|---|
| **JULIE J. JOYNER,** | ) | **2012 Unpublished Opinion No. 710** |
| | ) | |
| Petitioner-Appellant, | ) | **Filed: November 9, 2012** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **STATE OF IDAHO,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| Respondent. | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. David C. Nye, District Judge.

Appeal from judgment dismissing petition for post-conviction relief, <u>dismissed</u>.

Julie J. Joyner, Kuna, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

GUTIERREZ, Judge

Julie J. Joyner appeals from the district court's judgment dismissing her petition for post-conviction relief. We dismiss the appeal for lack of appellate jurisdiction.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Joyner pled guilty to possession of methamphetamine with the intent to deliver and forgery. The district court sentenced Joyner to concurrent sentences of thirteen years, with ten years determinate, for the possession with the intent to deliver conviction and ten years, with seven years determinate, for the forgery conviction. Joyner subsequently filed an Idaho Criminal Rule 35 motion for reduction of her sentences, which was denied; however, the district court later amended its Rule 35 decision to allow for a reduction of the determinate portion of Joyner's sentence for the possession with the intent to deliver conviction to a unified term of thirteen years, with seven years determinate. This Court affirmed the original sentences and the initial

1

denial of the Rule 35 motion in an unpublished decision.[1] *See State v. Joyner*, Docket Nos. 34655/34656 (Ct. App. June 2, 2008).

Joyner filed a timely petition for post-conviction relief in which she made several claims: (1) ineffective assistance of counsel; (2) the presentence investigator had a conflict of interest because he was Joyner's former parole officer; and (3) her attorney wrongly withheld a tape recording of Joyner selling methamphetamine to an informant, which served as one of the bases for the possession with the intent to deliver charge. The district court dismissed the petition and entered a judgment on May 5, 2011.

On June 17, 2011, Joyner filed an untimely motion to reconsider, forty-three days after the judgment was entered. Although the motion was untimely, Joyner identified an inaccuracy in the court's dismissal of her petition for post-conviction relief: the court incorrectly stated that Joyner's sentence for the possession with the intent to deliver conviction was seven years determinate followed by three years indeterminate for a unified sentence of ten years. The district court entered an amended dismissal of the petition for post-conviction relief on June 22, 2011, to correct the stated sentence to seven years determinate followed by six years indeterminate for a unified sentence of thirteen, not ten, years. The court did not reconsider any other components of its decision in the amended dismissal.

## II.

## DISCUSSION

The State contends this Court is without jurisdiction to consider the merits of this appeal. Because we consider the State's argument dispositive, we do not address any of Joyner's issues raised on appeal.

Joyner filed her appeal eighty-four days after the district court entered judgment on the petition for post-conviction relief. Idaho Appellate Rule 14(a) provides that a notice of appeal must be filed with the clerk of the district court within forty-two days from the filing of the final judgment or order from which the appeal was taken. This time limit is jurisdictional and a failure to comply "shall cause automatic dismissal of such appeal." I.A.R. 21. Thus, we are constrained to dismiss Joyner's appeal unless the time for appeal was tolled by Joyner's motion to reconsider.

---

[1]     It appears that the amendment of the Idaho Criminal Rule 35 decision occurred while the appeal was pending. The amendment is not addressed in the unpublished decision.

The time to appeal from a civil judgment "is terminated by the filing of a timely motion which, if granted, could affect any findings of fact, conclusions of law or any judgment in the action." I.A.R. 14(a). However, Joyner's motion for reconsideration was not timely filed. A motion for reconsideration must be filed within fourteen days after the entry of the final judgment. Idaho Rule of Civil Procedure 11(a)(2)(B). Joyner filed her motion for reconsideration on June 17, 2011, forty-three days after the judgment was entered on May 5, 2011. Because the motion to reconsider was not timely, it cannot toll the time for appeal. *State v. Ciccone*, 150 Idaho 305, 308, 246 P.3d 958, 961 (2010).

In some rare cases, equitable tolling has been permitted even though the petitioner filed an untimely motion. Equitable tolling in post-conviction relief cases has been allowed where the petitioner was unable to timely file a petition due to extraordinary circumstances beyond his or her effective control, *Martinez v. State*, 130 Idaho 530, 536, 944 P.2d 127, 133 (Ct. App. 1997); *Abbott v. State*, 129 Idaho 381, 385, 924 P.2d 1225, 1229 (Ct. App. 1996), or the facts underlying the claim were hidden from the petitioner by unlawful state action, *Charboneau v. State*, 144 Idaho 900, 904-05, 174 P.3d 870, 874-75 (2007). Joyner presents no evidence indicating that either of these circumstances is present in this case, and thus, equitable tolling does not solve the timeliness issue here.

Additionally, the State argues the motion to reconsider concerned the correction of a clerical error as opposed to a substantive issue and, therefore, could not toll the time. A clerical error is a type of mistake or omission mechanical in nature that is apparent in the record and does not involve a legal decision or judgment by an attorney. *Silsby v. Kepner*, 140 Idaho 410, 411, 95 P.3d 28, 29 (2004); *Dursteler v. Dursteler*, 112 Idaho 594, 597, 733 P.2d 815, 818 (Ct. App. 1987). In accordance with Idaho Rule of Civil Procedure 60(a), clerical mistakes in judgments, orders, or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party. *See Ciccone*, 150 Idaho at 308, 246 P.3d at 961. Here, the district court only amended its dismissal of the petition for post-conviction relief to correct the sentencing misstatement. This correction is a clerical error and, therefore, does not toll the appeal time. Furthermore, nothing in Idaho Rule of Civil Procedure 60(a) indicates that the correction of a clerical error serves as the basis of a new judgment, an appeal, or an extension of the time for an appeal. Although the district

3

court opted to correct the sentencing misstatement addressed in the motion, it correctly determined that the motion to reconsider was untimely.

## III.

## CONCLUSION

Because Joyner's appeal is untimely, this Court is without appellate jurisdiction to consider the merits of her claims concerning the dismissal of her petition for post-conviction relief. Accordingly, the appeal is dimissed.

Chief Judge GRATTON and Judge MELANSON **CONCUR.**