IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 41636

| STATE OF IDAHO, | ) | 2014 Unpublished Opinion No. 680 |
|---|---|---|
| | ) | |
| Plaintiff-Respondent, | ) | Filed: August 19, 2014 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| ALICE M. KREJCI-FLOYD, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Boundary County. Hon. John R. Stegner, District Judge.

Appeal, dismissed.

Sara B. Thomas, State Appellate Public Defender; Jason C. Pintler, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

Before GUTIERREZ, Chief Judge; GRATTON, Judge;
and MELANSON, Judge

PER CURIAM

Alice M. Krejci-Floyd pled guilty to possession with intent to deliver a controlled substance, Oxycodone. Idaho Code § 37-2732(a)(1)(a). The district court sentenced Krejci-Floyd to a unified term of four years, with a minimum period of confinement of two years. After Krejci-Floyd violated her probation, the district court continued her probation on the condition that she "be subject to 30 days discretionary jail time to be imposed at the request of Probation and Parole with permission of the Court." On October 8, 2013, the district court entered its judgment and on October 10, 2013, the district court entered an amended judgment to correct a clerical error. Krejci-Floyd filed a notice of appeal on November 21, 2013, timely only from the amended judgment. "Mindful that her appeal was not timely filed," Krejci-Floyd appeals

1

asserting that the district court abused its discretion by allowing for thirty days discretionary jail time, rather than ten days as requested by her trial counsel.

Idaho Appellate Rule 14(a) requires an appellant to file a notice of appeal within forty-two days from the entry of judgment or order from which the appeal is taken. The requirement of perfecting an appeal within the forty-two-day time period is jurisdictional, and any appeal taken after the expiration of the filing period must be dismissed. I.A.R. 21.

The district court entered its judgment reinstating Krejci-Floyd's probation on the condition that she be subject to thirty days of discretionary jail time. Krejci-Floyd did not file a notice of appeal until forty-four days after the district court entered that judgment. Although Krejci-Floyd did timely file her notice of appeal from the district court's amended judgment, the timeliness of her appeal from the amended judgment does not confer jurisdiction on this Court to entertain the issues she raises on appeal. Krejci-Floyd would have had to raise the issue in a timely appeal from judgment entered on October 8, 2013, the date the district court reinstated her probation and added the condition that she be subject to thirty days of discretionary jail time. The district court's subsequent amended judgment, entered on October 10, 2013, simply corrects a clerical error to reflect that Krejci-Floyd was on *supervised* probation. Krejci-Floyd's appeal of the conditional probation would only be considered timely if she challenged matters actually altered by the amended judgment, she has not raised any such issue on appeal. The appellate court does not have jurisdiction to address matters unaffected by the amended judgment. *State v. Ciccone*, 150 Idaho 305, 246 P.3d 958, 961 (2010); *State v. Payan*, 128 Idaho 866, 867, 920 P.2d 82, 83 (Ct. App. 1996).

Krejci-Floyd's notice of appeal is from the district court's order reinstating her probation and was not timely filed. This Court lacks jurisdiction to consider the appeal and it is hereby dismissed.