**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 43075**

| | | |
|---|---|---|
| ALBERT A. CICCONE, | ) | 2016 Opinion No. 31 |
| | ) | |
| Petitioner-Appellant, | ) | Filed: May 6, 2016 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Elmore County. Hon. Lynn G. Norton, District Judge.

Judgment dismissing successive petition for post-conviction relief, <u>affirmed</u>.

Nevin, Benjamin, McKay & Bartlett, LLP; Deborah A. Whipple, Boise, for appellant. Dennis Benjamin argued.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent. Lori A. Fleming argued.

_____

SCHWARTZMAN, Judge Pro Tem

Albert A. Ciccone appeals from the district court's dismissal of his successive petition for post-conviction relief. He specifically argues that his trial counsel was ineffective for failing to submit a psychological evaluation as mitigation evidence at sentencing. For the reasons set forth below, we affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Ciccone deliberately struck his pregnant wife with his car, killing her and the unborn child. Ciccone was found guilty of murder in the first degree for the death of his wife (Idaho Code §§ 18-4001, 18-4002, and 18-4003), and murder in the second degree for the death of the child (I.C. §§ 18-4001, 18-4002, 18-4003, and 18-4016). After the trial, but prior to sentencing, the court ordered a psychological evaluation of Ciccone, at county expense, upon the stipulation

1

of the parties.[1]  Ciccone's trial counsel ultimately decided against presenting this evaluation to the court as mitigation evidence at sentencing.  The trial court imposed a determinate life sentence for the first degree murder conviction and a concurrent determinate fifteen-year sentence for the second degree murder conviction.  Ciccone appealed his conviction and sentences, but the Idaho Supreme Court dismissed the appeal as untimely.  *State v. Ciccone*, 150 Idaho 305, 246 P.3d 958 (2010).  Ciccone then filed a petition for post-conviction relief, alleging trial counsel was ineffective for failing to timely file a notice of appeal from the judgment in the underlying criminal case.  Pursuant to a stipulation of the parties, the district court granted relief and reentered the judgment of conviction allowing Ciccone to appeal.  Ciccone filed a timely appeal, and this Court affirmed his conviction and sentences.  *State v. Ciccone*, 154 Idaho 330, 297 P.3d 1147 (Ct. App. 2012).

Ciccone then filed a successive petition for post-conviction relief alleging various claims of ineffective assistance of trial and appellate counsel.  The district court appointed counsel and granted Ciccone an evidentiary hearing.  Following the hearing, the district court dismissed Ciccone's petition, holding that he had not met his burden of proving ineffective assistance of counsel.

## II.

## ANALYSIS

Ciccone appeals the district court's denial of his claim for post-conviction relief.  Specifically, he argues that the district court erred in dismissing his claim that trial counsel was ineffective for failing to submit a written psychological evaluation as mitigation evidence at sentencing.[2]  In order to prevail in a post-conviction proceeding, the petitioner must prove the allegations by a preponderance of the evidence.  I.C. § 19-4907; *Stuart v. State*, 118 Idaho 865, 869, 801 P.2d 1216, 1220 (1990).  When reviewing a decision denying post-conviction relief after an evidentiary hearing, an appellate court will not disturb the lower court's factual findings

---

[1]     The record does not indicate the applicable statute under which the request was made or granted, nor does the record include the motion by defense counsel requesting the evaluation.  We assume, based upon the parties' arguments on appeal, that the request was made pursuant to Idaho Code §§ 19-2522, 19-2523.

[2]     Ciccone's petition also contained other claims of ineffective assistance of counsel.  However, because he neither argued nor addressed those claims in his appellate brief, they are deemed waived on appeal.  *See State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996).

unless they are clearly erroneous. I.R.C.P. 52(a); *Russell v. State*, 118 Idaho 65, 67, 794 P.2d 654, 656 (Ct. App. 1990). The credibility of the witnesses, the weight to be given to their testimony and the inferences to be drawn from the evidence are all matters solely within the province of the district court. *Larkin v. State*, 115 Idaho 72, 73, 764 P.2d 439, 440 (Ct. App. 1988). We exercise free review of the district court's application of the relevant law to the facts. *Nellsch v. State*, 122 Idaho 426, 434, 835 P.2d 661, 669 (Ct. App. 1992).

A claim of ineffective assistance of counsel may properly be brought under the Uniform Post-Conviction Procedure Act. *Murray v. State*, 121 Idaho 918, 924-25, 828 P.2d 1323, 1329-30 (Ct. App. 1992). To prevail on an ineffective assistance of counsel claim, the petitioner must show that (1) the attorney's performance was deficient and (2) the petitioner was prejudiced by the deficiency. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Hassett v. State*, 127 Idaho 313, 316, 900 P.2d 221, 224 (Ct. App. 1995). To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988). To establish prejudice, the petitioner must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the trial would have been different. *Id.* at 761, 760 P.2d at 1177. This Court has long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed on appeal unless those decisions are based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation. *Howard v. State*, 126 Idaho 231, 233, 880 P.2d 261, 263 (Ct. App. 1994).

During the hearing, Ciccone presented testimony from himself as well as an affidavit from the psychologist that conducted Ciccone's psychological evaluation. Ciccone testified that trial counsel had originally told him an evaluation might be useful as mitigating evidence during sentencing because of Ciccone's mental health history. Ciccone also stated that counsel later changed his mind after speaking with the psychologist that performed the evaluation, advising Ciccone that the evaluation had not gone well and that publishing an official report would be unfavorable. In the affidavit, the psychologist wrote that had he prepared a formal report, it would have included the following information:

    a. Mr. Ciccone's MMPI testing results showed a markedly elevated profile including significant emotional and/or psychiatric issues;
    b. Mr. Ciccone's psychiatric history revealed significant mood instability;

3

c. Mr. Ciccone's family history revealed a significant history of bipolar disorders;

d. There was a significant mental-health component related to the events surrounding the death of Mr. Ciccone's wife and unborn child.

The affidavit also stated the psychologist's opinion that "a report to the Court, had one been created, would have assisted the Court in determining Mr. Ciccone's sentence and, in fact, may very well have led the Court to a sentence other than fixed life."

After Ciccone rested, trial counsel then testified that he did not obtain a written report because he thought doing so would be detrimental to Ciccone. Trial counsel indicated that he had spoken with the psychologist over the phone after Ciccone's evaluation, during which time counsel took notes. After refreshing his memory with those notes, which also included research that counsel had conducted after the phone conversation, trial counsel testified that the psychologist diagnosed Ciccone as having recurrent major depression and borderline personality disorder. Counsel testified he wrote "first wife--controlling and abusive" in his notes regarding the borderline personality disorder diagnosis. He explained that he made this notation because the same psychologist had previously done the home study in counsel's divorce and during the conversation regarding Ciccone, the psychologist told counsel, "[Ciccone is] just like your first wife." The psychologist also told counsel that Ciccone was in deep denial of his culpability. Counsel further testified that when he asked the psychologist if Ciccone was likely to kill again, the psychologist responded that he did not know because it was context specific. Trial counsel went on to state that he was concerned that if he submitted a written psychological evaluation, the State could then evaluate Ciccone's mental health using its own expert.

### 1. Deficiency

Regarding the deficiency prong of the *Strickland* test, the district court found that Ciccone failed to meet his burden of showing that counsel's decision was the result of an objective shortcoming. Instead, the court found that counsel's decision was a reasonable strategic and tactical decision. Ciccone asserts that the court erred because trial counsel's decision not to submit a written psychological evaluation was premised upon both factual and legal mistakes, and thus could not have been a reasonable tactical or strategic decision.

Ciccone first contends that counsel's decision was based upon a mistake of fact--his erroneous belief that a diagnosis of borderline personality disorder meant Ciccone is controlling and abusive. The evidence in the record indicates that although trial counsel noted the traits

4

"controlling and abusive" as related to his wife with a similar borderline personality diagnosis, counsel also conducted his own independent research of the diagnosis. Moreover, the fact that trial counsel initially compared Ciccone to his ex-wife is not only insufficient to establish that counsel then based his strategic decision entirely on a mistaken belief that Ciccone was also controlling and abusive, but is refuted by evidence in the record that counsel also was persuaded by the psychologist's opinion that Ciccone was in deep denial of his culpability. Just as the district court concluded, it would not have been objectively unreasonable for trial counsel to surmise, based upon his verbal report from the psychologist, that a written psychological evaluation would negatively impact Ciccone's sentencing.

Ciccone next contends that counsel's decision was based upon two mistakes of law. The first alleged mistake is that the psychologist would have been required to include the borderline personality disorder diagnosis in the report. Ciccone argues that the applicable statute, I.C. 19-2522(3)(b), requires the report to include "a diagnosis, evaluation *or* prognosis of the mental condition of the defendant." (Emphasis added.) Because the three items are listed in the disjunctive, Ciccone argues that the psychologist could have included an evaluation or prognosis, while omitting the diagnosis at counsel's request. Regardless of whether the statute requires a psychologist to include his or her formal diagnosis in the report, Idaho case law has consistently established that a psychological evaluation must provide an "in-depth analysis" of the defendant's mental condition. *See, e.g.*, *State v. Hanson*, 152 Idaho 314, 323, 271 P.3d 712, 721 (2012); *State v. Durham*, 146 Idaho 364, 371, 195 P.3d 723, 730 (Ct. App. 2008). Thus, it was not objectively unreasonable for trial counsel to assume that, in conformance with both statutory and case law, the psychologist's written report should include an "in-depth analysis" of Ciccone's mental condition, including the borderline personality disorder diagnosis or its functional equivalent. Further, assuming that trial counsel could have ethically requested the psychologist to omit the specific diagnosis, Ciccone's argument still fails as he did not present any evidence that the psychologist would have complied with such a request.[3] Therefore, Ciccone has not established that trial counsel was deficient on this issue.

The second alleged mistake of law is that submission of a written psychological evaluation would have enabled the State to conduct a psychological examination of Ciccone

---

[3] The psychologist's specific diagnosis certainly could have been brought out and discussed in cross-examination.

using its own expert. Ciccone argues that even if the court had authorized the State to undertake its own evaluation, Ciccone could have refused to participate under the Fifth Amendment pursuant to *Estrada v. State*, 143 Idaho 558, 149 P.3d 833 (2006). But, Ciccone's reliance on *Estrada* is misplaced. While *Estrada* establishes that the Fifth Amendment privilege against self-incrimination applies to any court-ordered psychosexual evaluations, this privilege is limited to circumstances where the defendant has not placed his or her mental state at issue. *Id.* at 563-64, 149 P.3d at 838-39.

Where a defendant introduces psychiatric evidence to support a claim of mental defect, a compelled mental examination by the State's expert does not violate the Fifth Amendment. *Buchanan v. Kentucky*, 483 U.S. 402, 422-23 (1987); *State v. Santistevan*, 143 Idaho 527, 529, 148 P.3d 1273, 1275 (Ct. App. 2006). In *Santistevan*, the defendant sought to introduce evidence of his mental condition as part of his defense through the trial testimony of a psychiatrist. *Id.* at 528, 148 P.3d at 1274. However, the defendant opposed the State's motion to examine him with their own psychiatrist, claiming such a mandate would violate his privilege against self-incrimination. *Id.* In holding that the Fifth Amendment did not apply to protect him from a compulsory psychological evaluation, this Court described the underlying rationale as being one of "fundamental fairness and judicial common sense." *Id.* at 529, 148 P.3d at 1275. The Fifth Amendment could not apply to deprive the State of its only adequate means of challenging the defense expert's testimony. *Id.*; *see also Brown v. United States*, 356 U.S. 148, 156 (1958) ("The interests of the other party and regard for the function of courts of justice to ascertain the truth become relevant, and prevail in the balance of considerations determining the scope and limits of the privilege against self-incrimination.").

The Idaho Supreme Court later expanded upon the notions of fundamental fairness and judicial common sense by holding that where a defendant presents psychological evidence as a defense during the sentencing phase of trial, the defendant's presentation of that evidence is conditioned on his or her waiver of constitutional rights. *State v. Payne*, 146 Idaho 548, 571, 199 P.3d 123, 146 (2008). In *Payne*, the defendant in a capital case participated in pretrial psychological evaluations performed both by his expert and the State's expert, but did not present any evidence from those evaluations during trial. *Id.* at 557, 199 P.3d at 132. Then, during sentencing, the defendant used testimony from his expert witnesses as mitigation evidence but sought to exclude testimony from the State's expert on the grounds that it violated

his constitutional rights.  *Id.* at 570, 199 P.3d at 145.  The Idaho Supreme Court held that because "[a] state can constitutionally condition a defendant's decision to present psychological evidence during the guilt phase of his trial on his waiving constitutional rights . . . [i]t follows, then that a state may condition a defendant's decision to present such evidence during the sentencing phase of his trial without running afoul of the constitution."  *Id.* at 571, 199 P.3d at 146.

By submitting a psychological report as mitigating evidence at sentencing, Ciccone would have put his mental condition at issue, allowing the State's expert to have access not only to the report compiled by Ciccone's expert, but also to Ciccone himself in order to rebut Ciccone's attestations regarding his  mental condition.  *See* I.C. § 19-2522(1) ("If there is reason to believe the mental condition of the defendant will be a significant factor at sentencing . . . the court shall appoint *at least one* (1) psychiatrist or licensed psychologist to examine and report upon the mental condition of the defendant.")  (Emphasis added.)  This is precisely what trial counsel believed when he declined to submit a written psychological evaluation.

Had Ciccone submitted a psychological evaluation as mitigating evidence at sentencing, the State could have cross-examined Ciccone's expert about the information within the report.  Or, the State could have presented an independent conclusion from its own expert based upon the information within Ciccone's submitted report.  *See Buchanan*, 483 U.S. at 422-23 ("[A]t the very least, the prosecution may rebut [a defendant's psychiatric evidence] with evidence from the reports of the examination that the defendant requested.").  Additionally, under I.C. § 19-2522 and *Payne,* the court could have allowed the State's expert to conduct its own psychological examination of Ciccone, which Ciccone would not have been able to refuse on constitutional grounds.  Just as we stated in *Santistevan*, the basic premises of fundamental fairness and judicial common sense require that the State be allowed to challenge the extent to which a court should consider a defendant's specific mental condition in sentencing.  Thus, Ciccone has failed to establish that trial counsel was operating under a mistake of law on this issue.

Because Ciccone did not establish by a preponderance of the evidence that trial counsel's decisions were based on mistake of law or fact, the district court properly found that trial counsel's decision not to present the psychological evaluation was a reasonable tactical decision. *See Richman v. State*, 138 Idaho 190, 193, 59 P.3d 995, 998 (Ct. App. 2002) (holding that trial counsel's decision whether to present mitigating evidence at sentencing is assessed for

7

reasonableness, giving deference to counsel's judgment); *see also Payne*, 146 Idaho at 578, 199 P.3d at 153 (holding that the mere fact that counsel could have presented more evidence or more persuasive evidence does not constitute ineffective assistance). Ciccone has not established the requisite deficient performance under the first prong of *Strickland*.

**2.      Prejudice**

Even if we were to assume, for purposes of argument, that Ciccone's allegations somehow establish deficient performance, he must still show that he was prejudiced by the deficiency. When the district court considered the prejudice prong of *Strickland*, it found that the attorney's conduct "did not change the outcome of the sentence, and in fact, presented a more favorable defense for the Defendant without the risk of a countervailing report by a psychologist for the State."

Ciccone contends that "had the [trial court] been aware of the fact that Mr. Ciccone's actions were influenced to a significant degree by his mental health," he would have received "a sentence that would have allowed for parole at some time in the future rather than a sentence that requires Mr. Ciccone to die in prison." The evidence in the record plainly refutes the implication that the trial court was unaware of Ciccone's mental health. The sentencing judge acknowledged Ciccone's mental health issues after reviewing the presentence investigation report (PSI), which included evidence of Ciccone's mental health history, current mental status and family history of severe mental illness. *See Ciccone*, 154 Idaho at 345, 297 P.3d at 1162. Notably, the PSI included Ciccone's medical records from the hospital where he had been institutionalized for a failed suicide attempt just prior to the homicide. Additionally, the judge reviewed numerous victim impact letters that attested to Ciccone's family history of mental illness. Thus, it is unreasonable to assume that a psychological report providing similar information that was already available to the sentencing court would have changed the court's sentencing determination. *See Payne*, 146 Idaho at 572 n.11, 199 P.3d at 147 n.11.

Based upon the information that was available to the trial court at sentencing, the court considered other relevant psychological information in imposing its sentences. Ciccone has failed to meet his burden of proof showing by a preponderance of the evidence that he was prejudiced by counsel's alleged deficiency.

**III.**

**CONCLUSION**

Ciccone has neither established that trial counsel was deficient for choosing not to submit a psychological report during sentencing, nor that Ciccone was prejudiced by that decision. Therefore, we affirm the district court's order dismissing Ciccone's petition for post-conviction relief.

Chief Judge MELANSON and Judge HUSKEY **CONCUR**.