**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 43070**

| | |
|---|---|
| **MARTIN H. BETTWIESER,** | **2016 Unpublished Opinion No. 527** |
| **Plaintiff-Appellant,** | **Filed: May 9, 2016** |
| v. | **Stephen W. Kenyon, Clerk** |
| **CODY MONROE, CM BACKCOUNTRY RENTALS, SHELBY MONROE,** | **THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY** |
| **Defendants-Respondents.** | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Valley County. Hon. Thomas F. Neville, District Judge; Hon. Roger E. Cockerill, Magistrate.

Order dismissing appeal, <u>reversed</u> and <u>case</u> <u>remanded</u>.

Martin H. Bettwieser, Boise, pro se appellant.

Cody Monroe and Shelby Monroe, McCall, pro se respondents.

_____

HUSKEY, Judge

This is an appeal from a default judgment issued in a small claims case. We reverse the district court's order dismissing the appeal and remand for further proceedings.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Martin Bettwieser sued Cody and Shelby Monroe and CM Backcountry Rentals (Monroe) for unethical business practices in connection with a snowmobile rental transaction. Monroe was served on January 28, 2014, and timely filed an answer. Trial was set for March 31, 2014, and notice was sent to both parties.

Prior to trial, Bettwieser filed various motions. First, he filed a motion for default judgment, asserting Monroe had actually been served on January 13, 2014, and thus, its answer filed on February 18, 2014, was untimely filed. Second, seven days before the trial, Bettwieser filed a motion to continue the trial, arguing that one of his witnesses was unavailable. No notice

1

of hearing was attached to the motion. Monroe filed an objection to continuing the trial date, arguing it would be prejudiced by the continuance.

On the trial date, Monroe appeared but Bettwieser did not. The magistrate denied the motion to continue the trial and dismissed Bettwieser's case with prejudice. Within fourteen days, Bettwieser filed a motion to vacate and reconsider, which was denied by the magistrate.[1] Bettwieser then filed a motion to correct the register of actions[2] in the case asserting that the ROA had initially shown Monroe being served on January 13, 2014, but had subsequently been changed to reflect Monroe's service date as January 28, 2014. Bettwieser argued the ROA should be corrected to reflect, at a minimum, what Bettwieser believed was the Monroes' original date of service of January 13, 2014. The magistrate denied the motion on the grounds that Bettwieser failed to appear at the trial and even if the procedural errors cited by Bettwieser were accurate, he was not excused from appearing for trial and the errors would not justify his non-appearance.

Bettwieser filed a notice of appeal. Therein, he appealed from the March 31, 2014, dismissal of his small claims action, the April 22, 2014, denial of his motion to vacate and reconsider, and the April 28, 2014, denial of his motion to correct the record. One week later, the magistrate dismissed the appeal, citing Idaho Rule of Civil Procedure 81(a) that "if the plaintiff or employee does not appear at the time set for hearing . . . the court may dismiss the claim with or without prejudice" as grounds for dismissing the case. The court cited I.R.C.P. 81(k), "a party who does not appear at the small claim proceeding shall have no right to appeal the judgment in the small claim proceeding to district court" as the basis for dismissing the appeal. The magistrate did not address the other two orders from which Bettwieser appealed.

Bettwieser then timely filed a motion to reconsider/set aside the judgment dismissing the small claims case and the denial of his motion to correct the record. The magistrate denied the motion by striking a line through the caption of the motion and handwriting, "DENIED--REC 5/28/14," just below the motion's caption. This purported denial was not separately file stamped by the clerk's office. Bettwieser filed a motion to clarify, pointing out the purported denial was neither typed nor on a separate document as required by I.R.C.P. 10(a)(1) and was not time-

---

[1]  Neither the motion to vacate and reconsider nor the decision re: motion to vacate and reconsider are included in the clerk's record or the amended clerk's record on appeal.

[2]  The motion to correct the record is not included in the Clerk's Record or the Amended Clerk's Record on Appeal.

stamped by the clerk's office and therefore, was not validly filed pursuant to I.R.C.P. 5(a). The magistrate denied Bettwieser's motion to clarify by again striking a line through the caption and handwriting, "The motion to reconsider is/was denied. REC 6/11/2014." This subsequent purported denial was also not separately filed stamped by the clerk's office. No other judgment or order was filed vis-a-vis Bettwieser's motion to clarify. Bettwieser timely appealed from "the decisions and orders of the Magistrate Court dated on or after May 28, 2014." In essence, Bettwieser appealed from the magistrate's denial of his motion to reconsider and set aside the judgment, the denial of the motion to correct the record, and the denial of a motion to disqualify and change venue.

Approximately six months later, without setting any briefing schedule or accepting any briefing on the case, the district court dismissed Bettwieser's appeal, concluding that the magistrate correctly applied I.R.C.P. 81(k) and that because Bettwieser failed to appear at the trial, he was prohibited from taking an appeal from the judgment dismissing the case. The district court determined it did not have jurisdiction to hear the appeal and that Bettwieser had exhausted all avenues for the appeal. The district court did not address any of the other orders or issues that Bettwieser raised on appeal.

Bettwieser filed a motion to reconsider, asserting that although he had requested a case status, no briefing schedule had been set, and as a consequence, he had no opportunity to address the merits of the appeal. He further argued that even if he was prohibited from pursuing an appeal from the judgment in small claims court, he was not prohibited from pursuing an appeal from the denial of the various motions to reconsider or set aside the dismissal.

The district court, in a manner similar to the magistrate court, handwrote the "Order" denying the motion at the bottom of Bettwieser's motion, as follows: "ORDER This motion is hereby DENIED with prejudice. So ordered. Dated: February 13, 2015, T. Neville, District Judge." Again, there was no separate filing stamp from the clerk's office. Bettwieser timely appealed.

## II.

## STANDARD OF REVIEW

When reviewing the decision of a district court sitting in its appellate capacity, our standard of review is the same as expressed by the Idaho Supreme Court. The Supreme Court reviews the magistrate record to determine whether there is substantial and competent evidence

3

to support the magistrate's findings of fact and whether the magistrate's conclusions of law follow from those findings. *State v. Korn*, 148 Idaho 413, 415, 224 P.3d 480, 482 (2009). If those findings are so supported and the conclusions follow therefrom, and if the district court affirmed the magistrate's decision, we affirm the district court's decision as a matter of procedure. *Id*. Thus, we do not review the decision of the magistrate. *State v. Trusdall*, 155 Idaho 965, 968, 318 P.3d 955, 958 (Ct. App. 2014). Rather, we are procedurally bound to affirm or reverse the decisions of the district court. *Id*.

## III.

## ANALYSIS

In this case, several preliminary issues preclude a decision on the merits. First, although a judgment dismissing the case was filed March 31, 2014, no I.R.C.P. 54(a) final judgment has ever been filed. However, on February 12, 2015, the Supreme Court entered an order entitled In Re: Finality of Judgments Entered Prior to April 15, 2015 (Standing Order). In pertinent part, the order stated that "any judgment, decree or order entered before April 15, 2015, that was intended to be final but which did not comply with Idaho Rule of Civil Procedure 54(a) . . . shall be treated as a final judgment." Thus, the judgment filed March 31, 2014, is treated as a final judgment for purposes of this appeal.

More troubling, however, is the manner by which the other orders from which Bettwieser appeals were entered. For each order in which the magistrate or district court simply handwrote it's order across the caption of the motion, such order does not comply with I.R.C.P. 10(a)(1), which states in pertinent part:

> Every pleading, motion, notice, or *judgment or order of the court* shall be typed with black ribbon or produced by a computer or word processor type printer of letter quality on white paper and contain a caption setting forth the names of the parties, the title of the district court, together with the assigned number of the action, the designation of the document or pleading and the names, addresses and phone numbers of the attorneys appearing of record for the party filing the document or pleading and the typewritten name of the person signing the pleading.

(Emphasis added.) Pursuant to I.R.C.P. 10, the only persons who may file handwritten documents are "prisoners incarcerated or detained in a state prison or county jail" or where such writing appears on "printed forms approved by the Supreme Court," neither of which circumstances apply here.

4

Additionally, without any indication of the date, hour, and minute of the filings, none of these orders have ever been validly filed pursuant to I.R.C.P. 5(e)(1), which provides:

> The filing of pleadings and other papers with the court as required by these rules shall be made by filing them with the clerk, except that the judge may accept the papers for filing, in which event the judge shall note thereon the filing date, hour and minute and forthwith transmit them to the office of the clerk. The judge or clerk shall indorse upon every pleading and other paper the hour and minute of its filing.

The Idaho Supreme Court held in *State v. Ciccone*, 150 Idaho 305, 246 P.3d 958 (2010): "[T]he placing of the clerk's filing stamp on the judgment constitutes the entry of the judgment; and the judgment is not effective before such entry. I.R.C.P. 58(a). Thus, in order to be effective, a judgment must be file stamped by the clerk of court." *Ciccone*, 150 Idaho at 306-07, 246 P.3d at 959-60. In the instant case, the date and initials of the magistrate on the motion to vacate and reconsider and on the motion to reconsider/set aside judgment and correct the record is not sufficient to equate to a clerk's filing stamp. Therefore, the annotations on each document do not constitute valid, final orders because they were never filed by the clerk.

Similarly, the date and signature of the district court on Bettwieser's motion to reconsider/rehear/clarify is not sufficient to equate to a clerk's filing stamp. Therefore, the annotation on that document is not a valid and final entry of denial because it was never filed by the clerk. As such, appeals from all orders except the judgment dismissing the small claims action, are prematurely filed. A notice of appeal filed from an appealable judgment, order, or decree before formal written entry of such document becomes valid upon the filing and the placing the stamp of the clerk of the court on such appealable judgment, order, or decree, without refiling the notice of appeal. I.A.R. 17(e)(2) Numerous times since the Supreme Court's adoption of I.R.C.P. 54(a), this Court has remanded for entry of a final order where the district court failed to comply with the rule. We remand in this case so that orders that comply with I.R.C.P. 5 and 10 can be entered and so that Bettwieser's prematurely filed appeal becomes valid.

For guidance on remand, while the magistrate and district court correctly determined Bettwieser's failure to appear at the small claims proceeding would result in the dismissal of his appeal from the judgment entered in the small claims action, such failure to appear does not waive his right to appeal from his various motions to reconsider or set aside the default. The Idaho Supreme Court held in *Nelson v. Prop. Mgmt. Servs.*, 105 Idaho 578, 579, 671 P.2d 1041,

1042 (1983) that I.R.C.P. 81(k) did not bar an appeal from a motion to set aside the default judgment entered in a small claims case despite the fact that the party failed to appear at the trial. As neither the magistrate nor the district court addressed any of Bettwieser's claims regarding the denial of his motions to set aside based on their incorrect belief that I.R.C.P. 81(k) would preclude such review, such legal conclusion is erroneous.

## IV.

## CONCLUSION

Because the various orders from which Bettwieser appeals were not validly filed final orders, his notice of appeal from these various orders was prematurely filed. Thus, we reverse the order dismissing the appeal and remand the case for further proceedings consistent with this opinion.

Chief Judge MELANSON and Judge GRATTON **CONCUR**.