# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 48229

|  |  |  |
|---|---|---|
| DUSTIN MARK JOHNSTON, | ) | Filed:  December 13, 2021 |
| Plaintiff-Appellant, | ) | Melanie Gagnepain, Clerk |
| v. | ) | THIS IS AN UNPUBLISHED |
| ALAN J. BOEHME, MARILYN B. PAUL, individually, and in their official capacities as PUBLIC DEFENDERS OF TWIN FALLS COUNTY, past and present, | ) | OPINION AND SHALL NOT BE CITED AS AUTHORITY |
| Defendants-Respondents, | ) | |
| and | ) | |
| DOES I through V, | ) | |
| Defendants. | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County.  Hon. Benjamin J. Cluff, District Judge.

Judgment dismissing complaint, <u>affirmed</u>.

Dustin M. Johnston, Boise, pro se appellant.

Michael Kane & Associates PLLC; Michael J. Kane, Boise, for respondents.

---

GRATTON, Judge

Dustin Mark Johnston appeals from the district court's order granting the respondents' motion to dismiss for failure to state a claim.  For reasons set forth below, we affirm.

On April 10, 2020, Johnston filed a complaint against Alan Boehme, with the Twin Falls Public Defender's office and Chief Public Defender Marilyn Paul (hereafter respondents), and Does I-V for attorney malpractice.  In Johnston's complaint he claimed respondents began representing him in a criminal matter on April 14, 2017, and negligently performed their duties as defense counsel.  Johnston filed a declaration contemporaneously with his complaint.  The

1

respondents filed a motion to dismiss for failure to state a claim and a request for the district court to take judicial notice. A hearing was conducted and, for reasons stated on the record, the district court granted the motion to dismiss and entered judgment. Johnston timely appeals.

On appeal, Johnston claims that the district court erroneously considered matters outside of the pleadings without then applying a summary judgment standard and without allowing additional evidence. Johnston also claims that the district court erroneously applied the applicable statute of limitations. We need not reach these issues as we affirm on procedural grounds.

Johnston presents this appeal pro se. Pro se litigants are held to the same standards and rules as those represented by an attorney. *Twin Falls County v. Coates*, 139 Idaho 442, 445, 80 P.3d 1043, 1046 (2003).

First, while Johnston cites to general legal principles as to Rule 12(b)(6) and the statute of limitations in briefing to this Court, he provides no citation to the record in support of his arguments regarding the application of these principles to the facts of this case. We will not comb the record on appeal for error. *Dawson v. Cheyovich Family Trust*, 149 Idaho 375, 383, 234 P.3d 699, 707 (2010).

More importantly, Johnston did not provide the transcript of the district court's oral ruling to this Court for purposes of appeal. Therefore, we cannot discern the basis for the district court's decision as it applies to Johnston's claims of error. It is the responsibility of the appellant to provide a sufficient record to substantiate his or her claims on appeal. *Powell v. Sellers*, 130 Idaho 122, 127, 937 P.2d 434, 439 (Ct. App. 1997). In the absence of an adequate record on appeal to support the appellant's claims, we will not presume error. *Id*. Without the transcript, we cannot review the district court's ruling and must affirm.

Johnston has failed to show that the district court erred in dismissing his complaint for failure to state a claim. Accordingly, we affirm the district court's judgment granting the respondents' motion to dismiss.

Judge LORELLO and Judge BRAILSFORD **CONCUR**.