BLD-005                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-2884
_____

UNITED STATES OF AMERICA

v.

SHAMEK HYNSON, also known as SHY, also known as LEGEND,
Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 2-05-cr-00576-002)
District Judge:  Honorable Juan R. Sánchez
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 2, 2015
Before:  FUENTES, KRAUSE and SCIRICA, Circuit Judges

(Opinion filed: October 6, 2015)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se appellant Shamek Hynson appeals the District Court's order denying his motion for a new trial. For the reasons set forth below, we will summarily affirm the District Court's judgment. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

In September 2007, Hynson was found guilty of conspiracy to distribute 50 grams or more of crack and heroin in violation of 21 U.S.C. § 846; using and carrying a firearm in relation to a drug trafficking offense in violation of 18 U.S.C. § 924(c) and 18 U.S.C. § 2; possessing a firearm as a convicted felon in violation of 18 U.S.C. § 922(g)(1); and tampering with a witness in violation of 18 U.S.C. § 1512(b)(1) & (2). The District Court sentenced him to life imprisonment. Hynson appealed, and we affirmed. United States v. Hynson, 451 F. App'x 91 (3d Cir. 2011) (non-precedential).

In April 2009, Hynson's codefendant, Prince Isaac, filed a motion for a new trial under Fed. R. Crim. P. 33 and Brady v. Maryland, 373 U.S. 83 (1963). With the District Court's permission, Hynson joined that motion. The defendants argued that the Government had improperly suppressed four pieces of evidence. The first three items concerned the testimony of Lindsey Colon, Isaac's former girlfriend and a Government witness who testified in some detail about Hynson's and (primarily) Isaac's criminal conduct. After trial, the defendants discovered the following evidence pertaining to Colon: (1) phone records for Isaac's cell phone, which revealed that during the roughly weeklong period that Isaac and Hynson were in South Carolina, the phone was not answered; this potentially impeached Colon's claim that while Isaac was away, she used his phone to make drug sales on his behalf; (2) investigative notes concerning an incident in which the police arrested Colon after finding drugs in Isaac's car while Colon was

2

driving it; and (3) a signed copy of a statement that Colon provided to the police. The defendants also obtained a memorandum written by the Government that discussed prosecution witness Tracy Ramirez's refusal to abide by the terms of the witness-protection program. Hynson alleged that this evidence undermined his conspiracy conviction.

In separate orders, the District Court denied relief to each defendant. As to Hynson, the Court determined that the newly discovered evidence was not material under Brady. Hynson filed a timely notice of appeal to this Court.[1]

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the District Court's legal conclusions de novo and its findings of fact for clear error. See United States v. Georgiou, 777 F.3d 125, 138 (3d Cir. 2015); United States v. Brown, 595 F.3d 498, 511 (3d Cir. 2010). To establish that the Government violated Brady, the defendant must show that the Government suppressed favorable evidence that "was material either to guilt or to punishment." Georgiou, 777 F.3d at 139 (quoting United States v. Pelullo, 399 F.3d 197, 209 (3d Cir. 2005)). Evidence is "material" if "there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." Kyles v. Whitley, 514 U.S. 419, 433 (1995) (quoting United States v. Bagley, 473 U.S. 667, 682 (1985)). A defendant is entitled to a new trial under Rule 33 based on newly discovered evidence only if, among other things, the evidence is such that, "on a new trial, the newly discovered evidence would probably

---

[1] Isaac also appealed, and we affirmed the District Court's order. See United States v. Isaac, C.A. No. 14-3881 (3d Cir. Sept. 30, 2015) (non-precedential).

produce an acquittal." United States v. Quiles, 618 F.3d 383, 389 (3d Cir. 2010) (quoting

United States v. Saada, 212 F.3d 210, 216 (3d Cir. 2000)).

We agree with the District Court's analysis of this case. Even assuming that the

newly discovered evidence would have helped Hynson impeach Colon's and Ramirez's

testimony (a conclusion that, as detailed in the margin, is debatable[2]), it would not have

undermined Hynson's conspiracy conviction. To establish that Hynson participated in

the drug conspiracy, the Government presented evidence that (a) Government officials

seized drugs and drug paraphernalia from Hynson's residence; (b) two former girlfriends

purchased firearms in their names and then conveyed those weapons to Hynson; (c)

Hynson shot one man over a drug debt and helped facilitate another drug-related

shooting; (d) Hynson and Isaac picked up a man in New York and drove him to

Lancaster, where the man sold drugs provided by Isaac; and (e) one of Hynson's ex-

girlfriends sold crack on his behalf while he was away. See generally Hynson, 451 F.

App'x at 95 (holding that items (a) and (b) bore on Hynson's role in the drug conspiracy).

The Government introduced all of this evidence through witnesses other than Colon or

Ramirez.

---

[2] As the District Court observed, much of this evidence was cumulative of evidence that the Government had properly disclosed to the defendants before trial. More specifically, the Government produced to the defendants (a) a police report concerning the same arrest of Colon that was the subject of the investigative notes; (b) an unsigned-but-otherwise-identical version of Colon's statement to police, which Colon did not attempt to disavow at trial; and (c) a police report documenting Ramirez's refusal to cooperate with the Government's efforts to help her enter a witness protection program.

Indeed, it does not appear that any of Ramirez's testimony inculpated Hynson. On the rare occasions when Colon's testimony concerned Hynson directly, it was corroborated by letters, photographs, or testimony from other witnesses. Moreover, Colon's testimony primarily inculpated Isaac; we recently held that the same newly discovered evidence was not material to Isaac's conviction, see Isaac, C.A. No. 14-3881, slip op. at 6-7, and there is no basis to reach a different conclusion here. Accordingly, the District Court did not err in concluding that this undisclosed evidence could not "reasonably be taken to put the whole case in such a different light as to undermine confidence in the verdict." Kyles, 514 U.S. at 435; see also Strickler v. Greene, 527 U.S. 263, 293-94 (1999).[3]

Further, as the District Court explained, because Hynson has not satisfied Brady's materiality requirement, he necessarily cannot satisfy the more onerous standard that governs non-Brady claims under Rule 33. See United States v. González-González, 258 F.3d 16, 20 (1st Cir. 2001); see also United States v. Agurs, 427 U.S. 97, 111 (1976).

Accordingly, we will summarily affirm the District Court's judgment. Hynson's motion for appointment of counsel on appeal is denied.

---

[3] In the District Court, Hynson alleged only that this newly discovered evidence undermined his conspiracy conviction. On appeal, he also argues, without much detail, that the evidence was material to his sentence. However, Rule 33 permits a defendant to seek a new trial, not challenge a sentence. See United States v. Camacho, 370 F.3d 303, 307 (2d Cir. 2004); United States v. Lewis, 921 F.2d 563, 564 (5th Cir. 1991).