917 P.2d 796

**John Dennis MUNSON, Petitioner–Appellant,**

**v.**

**STATE of Idaho, Respondent.**

**ANDERSON, Richard James, Petitioner–Appellant,**

**v.**

**STATE of Idaho, Respondent.**

**Nos. 21509, 21527.**

Supreme Court of Idaho,
Boise, February 1996 Term.

May 31, 1996.

John Dennis Munson, appellant pro se.

Richard James Anderson, appellant pro se.

Alan G. Lance, Attorney General; Myrna A.I. Stahman, Deputy Attorney General, Boise, for Respondent State of Idaho.

McDEVITT, Chief Justice.

This case involves the consolidation of two separate cases, *Munson v. State*, Docket No. 21509 and *Anderson v. State*, Docket No. 21527. Both cases raise as the sole issue on appeal, whether the district court erred in ruling that the mailbox rule does not apply to a *pro se* inmate's filing of a petition for post-conviction relief.

### I.

### FACTS AND PRIOR PROCEEDINGS

The facts are undisputed in both *Munson v. State* and *Anderson v. State*. Both of the

appellants, John Dennis Munson and Richard James Anderson, have stipulated that the legislature's 1993 amendment of I.C. § 19–4902, applies to them and that I.C. § 19–4902 required them to file their petitions for post-conviction relief by July 1, 1994, one year from the effective date of the amendment, July 1, 1993. 1993 Idaho Sess. Laws, S.B. 1116, ch. 265, § 1, p. 898.

## A. *MUNSON V. STATE,* DOCKET NO. 21509

The appellant John Dennis Munson, was convicted in Ada County Case No. 18362 of two counts of lewd conduct with a child under the age of sixteen. On April 24, 1992, the district court entered a judgment of conviction imposing concurrent fifteen year sentences and retaining jurisdiction. On September 23, 1992, the district court entered an order dropping jurisdiction. On November 30, 1992, Munson filed an Idaho Criminal Rule 35 motion for a reduction of his sentence. On February 17, 1993, the district court entered an order denying the Rule 35 motion. No additional proceedings were held in Case No. 18362, and no appeal was ever filed from the judgment or from any of the post-judgment orders.

Munson filed a petition for post-conviction relief on July 5, 1994. On July 13, 1994, the district court entered an "Order Giving Notice Of Intent To Dismiss" Munson's petition for post-conviction relief, on the ground that Munson's petition for post-conviction relief was not filed with the district court clerk until July 5, 1994. The district court concluded that Munson's petition for post-conviction relief was time barred, based upon the 1993 amendment of I.C. § 19–4902, which required petitions such as Munson's be filed within one year of the effective date of the amendment, July 1, 1993.

The district court was relying upon the holding in *LaFon v. State,* 119 Idaho 387, 389–90, 807 P.2d 66, 68–69 (Ct.App.1991), when it held that the amendment of the time limitation in I.C. § 19–4902 retroactively applied to Munson's petition for post-conviction relief: "The one-year limitation is applicable to cases in which the proceedings ended prior to 1993, but the limitation period begins to run from the effective date of the amendment, July 1, 1993." The district court advised Munson that the district court intended to dismiss Munson's petition without a hearing and that Munson had twenty days to reply.

On July 26, 1994, Munson filed a response to the district court's July 13, 1994 Order, requesting the district court to file his petition for post-conviction relief *nunc pro tunc.* In his July 26, 1994 response, Munson stated that he had tendered to the Idaho State Correctional Institution (ISCI) officials on June 30, 1994, for mailing, his petition for post-conviction relief, and that the privileged mail log of the ISCI law library indicated that Munson's petition was actually mailed on June 30, 1994.

Munson submitted an affidavit in support of his July 26, 1994 response, stating that he signed and packaged his petition for post-conviction relief in the ISCI law library during the day of June 30, 1994, and placed the envelope for the Clerk of the Court "in the basket for legal mail beside the Law Library Manager's desk, on the Officer's platform in the Law Library of the [ISCI] on the day of June 30th, 1994." Munson further stated that he did not know why his petition for post-conviction relief was not filed by the district court clerk until July 5, 1994.

In addition to Munson's affidavit, an affidavit of Jeffrey W. Taylor, the ISCI law library manager, was submitted in support of Munson's July 26, 1994 response. Taylor attached to his affidavit a copy of the ISCI law library privileged mail log, which indicated that on June 30, 1994, Munson mailed a document to the district court clerk and the Ada County Prosecutor. Taylor stated that, under normal practices, Munson's June 30, 1994 document, should have been tendered for mailing, logged out, and actually mailed from the ISCI no later than the date on the log, June 30, 1994. It was Taylor's belief that Munson did tender for mailing on June 30, 1994, a document that was mailed on June 30, 1994.

On August 5, 1994, the district court entered a "Judgment of Dismissal," dismissing Munson's petition for post-conviction relief.

The district court declined to apply the mailbox rule to Munson's petition for post-conviction relief, such that Munson's petition would be deemed filed as of the date it was submitted to prison authorities for the purpose of mailing. The district court distinguished the Idaho Court of Appeals holding in *State v. Lee,* 117 Idaho 203, 786 P.2d 594 (Ct.App. 1990), finding that *Lee* involved the timeliness of the filing of a notice of appeal in a criminal proceeding, whereas, the present case involved a civil proceeding and an issue of the statute of limitations. The district court found that the period of time at issue in *Lee,* 42 days, was a significant distinction from one year, which was the period of limitations in the present case.

The district court relied upon the Idaho Court of Appeals holding in *State v. Hoffman,* 114 Idaho 139, 140, 754 P.2d 452, 453 (Ct.App.1988), for its conclusion that the mailbox rule did not apply to the filing of a petition for post-conviction relief. In *Hoffman,* the Idaho Court of Appeals considered whether an Idaho Criminal Rule 35 motion, that was filed by a *pro se* inmate seven days late, along with a motion for extension of time, was within the jurisdiction of the district court to grant relief under Idaho Criminal Rule 35. The *Hoffman* Court held that Hoffman had filed his Rule 35 motion seven days late and that Hoffman could not be excused from timely filing a Rule 35 motion, based upon a lack of evidence indicating that there were special circumstances or that there was misleading conduct by the state. *Hoffman,* 114 Idaho at 140, 754 P.2d at 453.

Applying *Hoffman* to the present case, the district court found that the applicable standard for determining whether Munson's late petition should be deemed timely, was whether there were special circumstances or misleading conduct by the state. The district court found no special circumstances or misleading conduct in Munson's case.

As a matter of policy, the district court determined that Munson "knew he was a prisoner at the state penitentiary and not free to come and go as he pleased[,]" and that "[h]e simply did not prepare his application in sufficient time for it to be delivered to the clerk of the court before the statute of limitations ran."

On August 16, 1994, Munson filed a notice of appeal from the district court's August 5, 1994 Judgment of Dismissal.

## B. *ANDERSON V. STATE,* DOCKET NO. 21527

The appellant Richard James Anderson, was convicted in Ada County Case No. 16539 of sexual abuse of a child under the age of sixteen. On April 13, 1990, the district court entered a judgment of conviction imposing a fixed fifteen year sentence and a $5,000 fine. The judgment was affirmed on December 24, 1990. *State v. Anderson,* 119 Idaho 204, 804 P.2d 933 (Ct.App.1990). Anderson's petition for review was denied on February 19, 1991. On November 23, 1993, Anderson filed a motion in Case No. 16359 for a copy of his pre-sentence investigation report "to further the needs of the defendant in preparing for his Post–Conviction Petition." The district court denied Anderson's request on December 8, 1993.

On July 5, 1994, Anderson filed his petition for post-conviction relief. On July 12, 1994, the district court entered an "Order Giving Notice Of Intent To Dismiss" Anderson's petition for post-conviction relief, on the grounds that Anderson's petition for post-conviction relief was not filed with the district court clerk until July 5, 1994. The district court concluded that Anderson's petition for post-conviction relief was time barred, based upon the 1993 amendment of I.C. § 19–4902, which required petitions such as Anderson's to be filed within one year of the effective date of the amendment, July 1, 1993. The district court noted that Anderson's motion for a copy of a pre-sentence report and its subsequent denial, were not "proceeding[s] following an appeal" within the meaning of I.C. § 19–4902. The district court advised Anderson that the district court intended to dismiss Anderson's petition without a hearing and that Anderson had twenty days to reply.

On July 26, 1994, Anderson filed a response to the district court's July 12, 1994 Order, requesting the district court to file his petition for post-conviction relief *nunc pro tunc.* In his July 26, 1994 response, Anderson stated that he had tendered to the

ISCI officials on June 27, 1994, for mailing, his petition for post-conviction relief and that the privileged mail log of the ISCI law library indicated that Anderson's petition was actually mailed on June 28, 1994.

Anderson submitted an affidavit in support of his July 26, 1994 response, stating that he signed and packaged his petition for post-conviction relief in the ISCI law library during the evening of June 27, 1994, and placed the envelope for the Clerk of the Court "in the basket for legal mail beside the Law Library Manager's desk on the Officer's platform in the Law Library of the [ISCI] on the evening of June 27th, 1994." Anderson further stated that he did not know why his petition for post-conviction relief was not filed by the district court clerk until July 5, 1994. In addition to Anderson's affidavit, an affidavit of Jeffrey W. Taylor, the ISCI law library manager, was submitted in support of Anderson's July 26, 1994 response. Taylor attached to his affidavit a copy of the ISCI law library privileged mail log, which indicated that on June 28, 1994, Anderson mailed a document to the district court clerk and the Ada County Prosecutor. Taylor stated that, under normal practices, Anderson's June 27, 1994 document, should have been tendered for mailing and logged out on June 27, 1994, and actually mailed from the ISCI the morning of June 28, 1994. It was Taylor's belief that Anderson did tender for mailing on June 27, 1994, a document that was mailed on June 28, 1994.

On August 5, 1994, the district court entered a "Judgment of Dismissal," dismissing Anderson's petition for post-conviction relief. The basis for the district court's judgment dismissing Anderson's petition for post-conviction relief was the same as the district court's decision in Munson's case.

On August 25, 1994, Anderson filed a notice of appeal from the district court's August 5, 1994 Judgment of Dismissal.

## II.

### THE MAILBOX RULE APPLIES TO A *PRO SE* INMATE'S FILING OF A PETITION FOR POST–CONVICTION RELIEF

We exercise free review over questions of law. *Downey Chiropractic Clinic v.*
*Nampa Restaurant Corp.,* 127 Idaho 283, 285, 900 P.2d 191, 193 (1995).

The appellants in this case argue that the district court erred in ruling that the mailbox rule does not apply to a *pro se* inmate's filing of a petition for post-conviction relief. We agree.

In *Lee,* the Court of Appeals considered the State's argument that a *pro se* inmate's notice of appeal was filed late. The Court of Appeals stated that, "[b]efore the case was assigned to this Court for disposition ... the Idaho Supreme Court considered the timeliness of Lee's appeal. The Court entered an order conditionally dismissing the appeal for untimeliness but permitted Lee to show cause within 21 days why the appeal should not be dismissed." *Lee,* 117 Idaho at 204, 786 P.2d at 595. Lee's response to the Idaho Supreme Court was that he was incarcerated in the custody of the board of correction; that he had delivered to a correction officer for mailing, his notice of appeal before the time period for filing a notice of appeal had expired; and that he had no control over the processing of his notice of appeal after it was delivered to the prison authorities. *Id.* After receiving Lee's response, the Supreme Court entered an order withdrawing the conditional dismissal and directing that Lee's appeal be reinstated, without hearing argument from the State. *Id.* at 204–05, 786 P.2d at 595–96.

In the present case, the appellants responded to the district court's Order Giving Notice of Intent to Dismiss, stating that they tendered to the ISCI officials, for the purpose of mailing, their petitions for post-conviction relief, before the time period for filing their petitions had expired, and that they had no idea why their petitions were not filed by the court clerk until July 5, 1994. Both appellants relied upon the holding in *Houston v. Lack,* 487 U.S. 266, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988), to support their argument that petitions for post-conviction relief, filed by *pro se* inmates, should be considered filed at the moment such petitions are delivered to prison authorities for the purpose of mailing to the court clerk.

In *Lee* and in the present case, the *pro se* inmates lost control over their petitions once the petitions were delivered to prison officials, rather than when the petitions were voluntarily placed in the United States mail or when the petitions were delivered to the court clerk. As in *Houston, Lee,* and the present case, the *pro se* inmates did not have control over delays between prison authorities' receipt of the inmate's court documents and the formal filing by the court clerk. Thus, no matter how far in advance *pro se* prisoners deliver their petitions to the proper prison authorities, they can never be sure that their petitions ultimately will be filed on time by the court clerk.

We hold that the mailbox rule applies for purposes of *pro se* inmates filing petitions for post-conviction relief. The policy reasons that supported the Court's procedural ruling in *Lee,* equally apply in the case of a petition filed for post-conviction relief. *Cf. State v. Smith,* 103 Idaho 135, 136, 645 P.2d 369, 370 (1982) (holding that the Court would consider the appellant's notice of appeal despite appellant's failure to comply with 42 day time limit for filing notice of appeal on the basis of judicial economy and the Court's plenary jurisdiction).

### III.

### CONCLUSION

We reverse and remand the district court's decision dismissing the appellants' petitions for post-conviction relief.

JOHNSON, TROUT, SILAK and SCHROEDER, JJ., concur.