# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 37939

| | | |
|---|---|---|
| ANTHONY G. NORMAN, | ) | 2011 Unpublished Opinion No. 756 |
| | ) | |
| Petitioner-Appellant, | ) | Filed: December 23, 2011 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. David C. Nye, District Judge.

Appeal from order summarily dismissing application for post-conviction relief, <u>dismissed</u>.

Anthony G. Norman, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Judge

Anthony G. Norman appeals from the district court's order summarily dismissing his application for post-conviction relief. For the reasons set forth below, we dismiss this appeal.

Norman was charged with and pled guilty to statutory rape. I.C. § 18-6101(1). The district court imposed a unified sentence of nine years, with a minimum period of confinement of three years. In an unpublished opinion, this Court affirmed Norman's judgment of conviction and sentence. *State v. Norman*, Docket Nos. 33129 and 33277 (Ct. App. Oct. 15, 2007). In October 2008, Norman filed a pro se application for post-conviction relief alleging: (1) he was denied his right to counsel; (2) evidence existed which would require his judgment of conviction and sentence be vacated; (3) he was denied the proper sex offender evaluations; (4) prosecutors allowed a witness to testify falsely; (5) the police withheld information which would have been favorable to his defense; (6) his guilty plea was induced by false promises; and (7) his due process rights were violated.

1

In March 2008, the district court issued a memorandum decision and notice of intent to dismiss Norman's application, to which Norman did not respond. On August 13, 2009, the district court issued an order summarily dismissing Norman's application. On September 12, 2009, Norman signed a notice of appeal. The notice of appeal contained a certificate of mailing indicating it was sent to the Bannock County prosecuting attorney and the Idaho Attorney General. However, the notice of appeal was not filed with the Bannock County district court clerk until July 20, 2010. On August 2, 2010, the district court issued an amended order of dismissal of Norman's application for post-conviction relief. The amended order stated:

> On September 21, 2009, within the time for an appeal, [Norman] signed a Notice of Appeal. The original of that Notice of Appeal was received by the Bannock County Prosecutor's Office on September 29, 2009. The Notice of Appeal was not filed with this Court until July 20, 2010, when the prosecutor's office gave it to the deputy clerk. In an attempt to avoid any timeliness issue regarding the appeal and to have [Norman's] appeal decided on the merits, this Court hereby enters this Amended Dismissal of Post-Conviction Relief Petition. This Amended Dismissal is based on IRCP 60(b)(6). [Norman] has 42 days from the date of this Amended Dismissal to properly file a Notice of Appeal with the Clerk of the Court.

On August 16, 2010, Norman filed an amended notice of appeal reasserting the claims alleged in his application for post-conviction relief.

Idaho Appellate Rule 14(a) provides that any appeal from the district court may be made only by physically filing a notice of appeal with the clerk of the district court within forty-two days from the date on the judgment or order from which the appeal is taken. Pursuant to I.A.R. 20, a notice of appeal is not deemed filed until it is physically received by the clerk of the court. The mailbox rule deems a pro se inmate's document filed as of the date it was submitted to prison authorities for the purpose of mailing to the court for filing. *Munson v. State*, 128 Idaho 639, 641, 917 P.2d 796, 798 (1996). *See also State v. Lee*, 117 Idaho 203, 204, 782 P.2d 594, 595 (Ct. App. 1990) (holding that under the mailbox rule pro se inmate's documents are considered filed when they are delivered to prison authorities for the purpose of mailing to the court clerk). The policy behind the mailbox rule is that, once a prisoner submits documents to prison authorities for filing with the court, the prisoner no longer has control over his or her documents. *Munson*, 128 Idaho at 643, 917 P.2d at 800.

This case is distinguishable from *Munson* and *Lee* because, while Munson and Lee addressed their documents to the clerk of the court, Norman did not. The record indicates that

2

Norman addressed his notice of appeal to the prosecuting attorney and the attorney general. He did not address his notice of appeal to the clerk of the district court. The notice was finally delivered to the clerk of the court by the prosecuting attorney, not by the prison mail system. The mailbox rule does not apply in this case because the reason the notice was not delivered was that Norman failed to address it properly and not because some other factor, such as the prison mail system, interfered. In addition, Norman has presented no evidence showing when he placed the notice of appeal into the prison mail system. Therefore, Norman's first notice of appeal was not timely filed with the clerk of the court.

Furthermore, the district court's amended order of dismissal did not extend the jurisdictional period in which Norman was required to file his appeal. The state argues the district court's reliance on I.A.R. 60(b)(6) was in error. We agree that Rule 60(b)(6) may not be used to circumvent the time limits of I.A.R. 14. *See Hoopes v. Bagley*, 117 Idaho 1091, 1094, 793 P.2d 1263, 1266 (Ct. App. 1990). In addition, the Idaho Supreme Court has held that entry of an amended judgment that is substantively identical to the original judgment does not enlarge the period for filing an appeal. *State v. Ciccone*, 150 Idaho 305, 308, 246 P.3d 958, 961 (2010). When an amended judgment does not alter the material terms from which a party may appeal, its entry does not serve to enlarge the time for appeal. *Id*. Thus, the district court's sua sponte entry of the amended order of dismissal did not enlarge the time for filing Norman's appeal.[1]

Even if we were to address the merits of the application, Norman did not provide a record or transcripts from his underlying criminal case in the appellate record. It is the responsibility of the appellant to provide a sufficient record to substantiate his or her claims on appeal. *Powell v. Sellers*, 130 Idaho 122, 127, 937 P.2d 434, 439 (Ct. App. 1997). In the absence of an adequate record on appeal to support the appellant's claims, we will not presume error. *Id*. In addition, Norman simply restates the claims alleged in his application for post-conviction relief without providing argument or authority for his claims. A party waives an issue on appeal if either

---

[1]     We note that it is the practice in some trial courts to enter an amended judgment of conviction, identical to the original, when an applicant in a post-conviction case has proven, or the parties have stipulated, that counsel was ineffective for failure to timely file an appeal. Given the holding in *Ciccone*, a better practice might be to enter an order granting the application and allow time to appeal from the original judgment. However, that question is not before us in this case and we do not decide it.

authority or argument is lacking. *State v. Zichko*, 129 Idaho 259, 263, 923 P.2d 966, 970 (1996). Therefore, the district court did not err in summarily dismissing Norman's application for post-conviction relief.

Norman's appeal was untimely. We have no jurisdiction and, therefore, dismiss this appeal. Costs, but not attorney fees, are awarded to the respondent on appeal.

Chief Judge GRATTON and Judge GUTIERREZ, **CONCUR.**