IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 42530

| BERNARDO PENALOZA GARCIA, | ) | 2016 Unpublished Opinion No. 390 |
|---|---|---|
| | ) | |
| Petitioner-Appellant, | ) | Filed: February 11, 2016 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Molly J. Huskey, District Judge.

Appeal from order denying motion for reconsideration of summary dismissal of petition for post-conviction relief, dismissed.

Bernardo Penaloza Garcia, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Lori A. Fleming, Deputy Attorney General, Boise, for respondent.

_____

MELANSON, Chief Judge

Bernardo Penaloza Garcia appeals from the district court's order denying Garcia's motion for reconsideration of the district court's summary dismissal of Garcia's petition for post-conviction relief. For the reasons set forth below, we dismiss Garcia's appeal.

Garcia pled guilty to conspiracy to traffic in methamphetamine. I.C. §§ 37-2732B(a)(4), 37-2732B(b). Garcia was sentenced to a unified term of seventeen years, with a minimum term of confinement of seven years. Garcia appealed and this Court affirmed. A remittitur was issued on November 16, 2012. On November 20, 2013, Garcia filed a verified petition for post-conviction relief. The state moved for summary dismissal on February 18, 2014. On July 24, 2014, after conducting a hearing, the district court filed an order granting summary dismissal of Garcia's petition. In its order, the district court determined that Garcia's petition for

1

post-conviction relief was not filed within one year from the issuance of the remittitur on November 16, 2012. I.C. § 19-4902(a). Additionally, the district court noted that it was also dismissing Garcia's petition on alternate grounds. The district court entered final judgment on July 24, 2014.

On August 11, 2014, Garcia moved the district court to reconsider its July 24, 2014, order granting summary dismissal solely on the grounds that the district court erroneously concluded that the petition was not timely filed. Garcia provided mail logs to demonstrate that his petition was timely placed in the prison mail system, thereby invoking the "mailbox rule" and resulting in a timely filed petition.[1] On August 13, 2014, the district court denied Garcia's motion for reconsideration determining that, even if it had erroneously dismissed Garcia's petition on the grounds that it was untimely filed, Garcia did not challenge the district court's dismissal on the other alternative grounds enunciated by the district court. Garcia appeals.

Garcia argues that the district court erred in summarily dismissing his petition for post-conviction relief and in denying his motion for reconsideration based on alternate grounds. Conversely, the state argues that this Court is without jurisdiction to consider the merits of Garcia's argument because Garcia's appeal was not timely filed from the summary dismissal order. Specifically, the state asserts that Garcia did not timely file his motion for reconsideration of the district court's order granting summary dismissal of Garcia's petition, which failed to toll the forty-two-day period in which Garcia was required to file a notice of appeal from the district court's order dismissing Garcia's post-conviction petition.

Pursuant to I.A.R. 21, failure to file a notice of appeal with the clerk of the district court within the time limits prescribed by the appellate rules deprives the appellate courts of jurisdiction over the appeal. Idaho Appellate Rule 14(a) provides, in part:

---

[1] The mailbox rule deems a pro se inmate's document filed as of the date it was submitted to prison authorities for the purpose of mailing to the court for filing. *Munson v. State*, 128 Idaho 639, 641, 917 P.2d 796, 798 (1996). *See also State v. Lee*, 117 Idaho 203, 204, 782 P.2d 594, 595 (Ct. App. 1990) (holding that, under the mailbox rule, pro se inmates' documents are considered filed when they are delivered to prison authorities for the purpose of mailing to the court clerk). The policy behind the mailbox rule is that, once a prisoner submits documents to prison authorities for filing with the court, the prisoner no longer has control over his or her documents. *Munson*, 128 Idaho at 643, 917 P.2d at 800.

Any appeal . . . may be made only by physically filing a notice of appeal with the clerk of the district court within 42 days from the date evidenced by the filing stamp of the clerk of the court on any judgment, order, or decree of the district court appealable as a matter of right in any civil or criminal action. The time for an appeal from any civil judgment or order in an action is terminated by the filing of a timely motion which, if granted, could affect any findings of fact, conclusions of law or any judgment in the action . . . in which case the appeal period for all judgments or orders commences to run upon the date of the clerk's filing stamp on the order deciding such motion.

In this case, the district court entered its final judgment on July 24, 2014. Garcia filed his notice of appeal fifty-four days later on September 16, 2014, which would be untimely unless the forty-two-day requirement was tolled. We note that Garcia did file a motion for reconsideration which, if proper, would toll the forty-two-day period. In this case, such a motion must have been brought within fourteen days of the district court's July 24 2014, entry of final judgment.[2] The filing date on Garcia's motion for reconsideration was August 11, 2014, which was eighteen days after the final judgment. Garcia has failed to provide any evidence that he placed his motion in the prison mail system before the fourteen-day deadline and thus, his motion was untimely. *See, e.g.*, *Hayes v. State*, 143 Idaho 88, 90-91, 137 P.3d 475, 477-78 (Ct. App. 2006). Therefore, we hold that the district court lacked jurisdiction to hear Garcia's motion for reconsideration. Moreover, because Garcia's motion for reconsideration was untimely, it did not toll the forty-two-day notice of appeal filing requirement. Consequently, because Garcia's notice of appeal was untimely, this Court lacks jurisdiction to address the merits of Garcia's case. Accordingly, we dismiss Garcia's appeal. No costs or attorney fees awarded on appeal.

Judge GUTIERREZ and Judge GRATTON, **CONCUR**.

---

[2]     Garcia moved for reconsideration under I.R.C.P. 11(a)(2)(B). We note that this rule relates to motions for reconsideration of trial court interlocutory orders and therefore was inapplicable here. Rather, Garcia's motion would have been more accurately brought under I.R.C.P. 59(e) as a motion to alter or amend a judgment. However, in either case, both motions must be brought with fourteen days after entry of final judgment.