IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 42594

| | | |
|---|---|---|
| LARRY MARVIN SEVERSON, | ) | 2016 Unpublished Opinion No. 474 |
| | ) | |
| Petitioner-Appellant, | ) | Filed: April 11, 2016 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Elmore County. Hon. Lynn G. Norton, District Judge.

Order denying motion for reconsideration of dismissal of successive petition for post-conviction relief, affirmed.

Larry Marvin Severson, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

---

MELANSON, Chief Judge

Larry Marvin Severson appeals from the district court's order denying his motion for reconsideration of the district court's dismissal of his successive petition for post-conviction relief. For the reasons set forth below, we affirm.

In 2004, Severson was found guilty of one count of first degree murder and one count of poisoning food or medicine in connection with the death of his wife. He was sentenced to a determinate term of life imprisonment for first degree murder and a determinate term of five years for poisoning food or medicine. His judgment of conviction and sentences were upheld on direct appeal. *State v. Severson*, 147 Idaho 694, 215 P.3d 414 (2009). Severson filed a petition for post-conviction relief alleging ineffective assistance of counsel, which the district court dismissed. He appealed and the Idaho Supreme Court affirmed in part and reversed in part.

1

*Severson v. State*, 159 Idaho 517, 363 P.3d 358 (2015). While his original post-conviction appeal was pending, Severson filed a pro se successive petition for post-conviction relief alleging four claims. On July 7, 2014, the district court entered an order denying Severson's successive petition for post-conviction relief, dismissed all of his claims, and entered final judgment. Severson filed a motion to reconsider on July 23, 2014, which the district court denied on August 25, 2014. Severson appeals.

On appeal, Severson does not directly challenge the district court's order denying his motion for reconsideration but, instead, argues that the district court erred in summarily dismissing his successive petition for post-conviction relief. As a threshold matter, the state argues that this Court lacks jurisdiction to consider the merits of Severson's appeal regarding the district court's dismissal of Severson's successive petition because the appeal is not timely. Additionally, because Severson failed to directly challenge the district court's denial of the motion, the state contends that this Court should not address the merits of Severson's appeal even though his appeal is timely from the district court's denial of Severson's motion for reconsideration. Severson counters that the "mailbox" rule[1] applies, rendering his motion for reconsideration timely from the district court's summary dismissal and establishing jurisdiction for this Court to address the merits of the district court's summary dismissal of Severson's petition for post-conviction relief.

We first address the state's jurisdictional argument. Pro se litigants are held to the same standards as those litigants represented by counsel. *Golay v. Loomis*, 118 Idaho 387, 392, 797 P.2d 95, 100 (1990). Pro se litigants are not excused from abiding by procedural rules simply because they are appearing pro se and may not be aware of the applicable rules. *See id.* Also, an individual's ignorance of his or her right to file a post-conviction petition for relief, or the time

---

[1] The mailbox rule deems a pro se inmate's document filed as of the date it was submitted to prison authorities for the purpose of mailing to the court for filing. *Munson v. State*, 128 Idaho 639, 641, 917 P.2d 796, 798 (1996). *See also State v. Lee*, 117 Idaho 203, 204, 782 P.2d 594, 595 (Ct. App. 1990) (holding that, under the mailbox rule, pro se inmates' documents are considered filed when they are delivered to prison authorities for the purpose of mailing to the court clerk). The policy behind the mailbox rule is that, once a prisoner submits documents to prison authorities for filing with the court, the prisoner no longer has control over his or her documents. *Munson*, 128 Idaho at 643, 917 P.2d at 800.

period in which it must be filed, does not toll a statute of limitation. *See Reyes v. State*, 128 Idaho 413, 415, 913 P.2d 1183, 1185 (Ct. App. 1996).

Pursuant to I.A.R. 21, failure to file a notice of appeal with the clerk of the district court within the time limits prescribed by the appellate rules deprives the appellate courts of jurisdiction over the appeal. Idaho Appellate Rule 14(a) provides, in part:

> Any appeal . . . may be made only by physically filing a notice of appeal with the clerk of the district court within 42 days from the date evidenced by the filing stamp of the clerk of the court on any judgment, order, or decree of the district court appealable as a matter of right in any civil or criminal action. The time for an appeal from any civil judgment or order in an action is terminated by the filing of a timely motion which, if granted, could affect any findings of fact, conclusions of law or any judgment in the action (except motions under Rule 60 of the Idaho Rules of Civil Procedure or motions regarding costs or attorney's fees), in which case the appeal period for all judgments or orders commences to run upon the date of the clerk's filing stamp on the order deciding such motion.

In this case, Severson's appeal focuses exclusively on the district court's dismissal of Severson's successive petition for post-conviction relief entered July 7, 2014. Severson filed his notice of appeal seventy-eight days later on September 23, 2014, which would be untimely unless the forty-two-day requirement was tolled. Severson filed a motion for reconsideration under I.R.C.P. 11(a)(2)(B)[2] which, if proper and timely, would toll the forty-two-day filing requirement.[3] Assuming without deciding that Severson's motion was proper under I.R.C.P. 11(a)(2)(B), it must have been filed within fourteen days of July 7, 2014. Severson's motion for reconsideration was not filed until July 23, 2014, sixteen days after the district court's entry of final judgment. Although Severson asserts in his reply brief that his motion was timely under the mailbox rule, he failed to provide any evidence beyond mere assertion that he placed his motion in the prison mail system before the fourteen-day deadline. Thus, his motion was untimely. *See, e.g.*, *Hayes v. State*, 143 Idaho 88, 90-91, 137 P.3d 475, 477-78 (Ct. App. 2006) (holding that evidence submitted by a prisoner demonstrated that he had timely filed his notice of

---

[2] Notably below and on appeal, Severson routinely refers to I.R.C.P. 11(2)(B) as a basis for his motion, which does not exist. We presume Severson was referring to I.R.C.P. 11(a)(2)(B).

[3] The state argues that Severson's motion is not proper and could only be filed under I.R.C.P 60, which would not toll the forty-two-day requirement. Given our disposition of this matter, we need not determine under which rule Severson's motion for reconsideration was filed.

appeal with prison authorities for the purpose of mailing it to the court clerk, thereby alleviating the general concern that an inmate could falsely assert that a document was timely placed in the prison mail system for filing purposes). Because Severson's motion for reconsideration was untimely in relation to the entry of final judgment dismissing Severson's successive petition, it did not toll the forty-two-day notice of appeal filing requirement permitting review by this Court. Consequently, this Court lacks jurisdiction to address the merits of Severson's appeal relating to the district court's dismissal of his successive petition.[4]

---

[4]     Even if Severson could show compliance with the mailbox rule rendering his notice of appeal timely as to the district court's dismissal of his successive petition, his claims on appeal would be unavailing. Idaho Code Section 19-4908 provides:

> All grounds for relief available to an applicant under this act must be raised in his original, supplemental or amended application. Any ground finally adjudicated or not so raised, or knowingly, voluntarily and intelligently waived in the proceeding that resulted in the conviction or sentence or in any other proceeding the applicant has taken to secure relief may not be the basis for a subsequent application, unless the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised in the original, supplemental, or amended application.

Severson argues that the district court erred in denying his successive petition because: his successive claims were not waived when not included in his initial petition; he had articulated a "sufficient reason" justifying the successive petition; and his claims should relate back to his original petition rendering them timely.

In denying Severson's successive petition, the district court first determined that three of Severson's claims concerned ineffective assistance of post-conviction counsel. The district court dismissed these claims because they did not provide a sufficient reason to file a successive petition. *See Murphy v. State*, 156 Idaho 389, 395, 327 P.3d 365, 371 (2014) (petitioner cannot demonstrate sufficient reason for filing a successive petition based on alleged ineffectiveness of prior post-conviction counsel).

Second, the district court determined that Severson's remaining claims of ineffective assistance of trial counsel were untimely. The district court reasoned that, because these claims concerned matters that were within the record at the time trial ended and did not contain new evidence, they should have been raised on direct appeal or in Severson's original petition for post-conviction relief. Finally, after reviewing the record, the district court concluded that there was not a substantial factual showing in the successive petition or other evidence which raised substantial doubt about the reliability of Severson's finding of guilt and dismissed Severson's successive petition. A review of the record and relevant case law provide no basis for us to disturb the district court's conclusions. Thus, Severson has failed to show that the district court erred in dismissing his successive petition.

The only order reviewable by this Court on appeal is the district court's denial of Severson's motion for reconsideration. However, on appeal, Severson has failed to present any issue on appeal, offer any argument or authority, or assign any specific error to the district court related to its denial of Severson's motion. A party waives an issue on appeal if either authority or argument is lacking. *Powell v. Sellers*, 130 Idaho 122, 128, 937 P.2d 434, 440 (Ct. App. 1997). Therefore, in the absence of argument concerning the district court's denial of Severson's motion, we need not address the issue. Accordingly, the district court's August 25, 2014, order denying Severson's motion for reconsideration is affirmed. No costs or attorney fees are awarded on appeal.

Judge GUTIERREZ and Judge GRATTON, **CONCUR**.