**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 44363**

| | | |
|---|---|---|
| **RICHARD LARSON,** | ) | **2017 Unpublished Opinion No. 525** |
| | ) | |
| **Petitioner-Appellant,** | ) | **Filed: July 19, 2017** |
| | ) | |
| **v.** | ) | **Karel A. Lehrman, Clerk** |
| | ) | |
| **STATE OF IDAHO,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| **Respondent.** | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Bonner County. Hon. Barbara A. Buchanan, District Judge.

Appeal from order summarily dismissing petition for post-conviction relief, <u>affirmed</u>.

Eric D. Fredericksen, State Appellate Public Defender; Sally J. Cooley, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Chief Judge

Richard Larson appeals from the district court's order summarily dismissing his petition for post-conviction relief. For the reasons set forth below, we affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Larson was found guilty by a jury of two counts of aggravated assault. Idaho Code §§ 18-901, 18-905. The district court imposed a unified sentence of ten years with four years determinate. This Court affirmed Larson's judgment of conviction and sentence. *State v. Larson*, 158 Idaho 130, 344 P.3d 910 (Ct. App. 2014). Larson filed a petition for review. The Idaho Supreme Court denied the petition for review and filed a remittitur on February 24, 2015.

On February 16, 2016, Larson deposited two copies of a pro se petition for post-conviction relief into the prison legal mail system. The Idaho State Correctional Center legal

1

mail log denotes that on February 16, 2016, Larson's petition was sent to the following addresses: Bonner County Courthouse, 127 S. First Avenue, Sandpoint, Idaho and Bonner County Prosecuting Attorney, 127 S. First Avenue, Sandpoint, Idaho. Thereafter, Larson realized that 127 S. First Avenue was not the correct address for the Bonner County Courthouse and mailed another copy to the correct address. Larson included a notarized letter explaining that he had first mailed the petition on February 16, 2016. The Bonner County District Court Clerk received this copy of the petition and the explanatory letter on May 2, 2016. Thus, Larson's petition for post-conviction relief was date stamped as being filed with the Bonner County District Court Clerk on May 2, 2016.

The district court issued a notice of intent to dismiss Larson's petition for post-conviction relief on the grounds that the petition was not timely filed. Larson filed a response to the court's notice in which he argued that under the "mailbox rule," his petition was timely filed. Further, Larson argued that he exercised due diligence in mailing a second copy of his petition upon learning that the original mailing of his petition for post-conviction relief was not received by the clerk. Larson attached the prison mail log to his response. The district court dismissed Larson's petition as untimely. Larson filed a motion to reconsider, which the district court denied. Larson timely appeals.

## II.

## ANALYSIS

Our review of the district court's construction and application of the limitation statute is a matter of free review. *Kriebel v. State*, 148 Idaho 188, 190, 219 P.3d 1204, 1206 (Ct. App. 2009). The statute of limitation for post-conviction actions provides that a petition for post-conviction relief may be filed at any time within one year from the expiration of the time for appeal, from the determination of appeal, or from the determination of a proceeding following an appeal, whichever is later. I.C. § 19-4902(a). The appeal referenced in that section means the appeal in the underlying criminal case. *Gonzalez v. State*, 139 Idaho 384, 385, 79 P.3d 743, 744 (Ct. App. 2003). The failure to file a timely petition is a basis for dismissal of the petition. *Kriebel*, 148 Idaho at 190, 219 P.3d at 1206.

The mailbox rule deems a pro se inmate's document filed as of the date it was submitted to prison authorities for the purpose of mailing to the court for filing. *Munson v. State*, 128 Idaho 639, 643, 917 P.2d 796, 800 (1996). *See also State v. Lee*, 117 Idaho 203, 204, 786 P.2d

2

594, 595 (Ct. App. 1990) (holding that under the mailbox rule pro se inmate's documents are considered filed when they are delivered to prison authorities for the purpose of mailing to the court clerk). The policy behind the mailbox rule is that once a prisoner submits documents to prison authorities for filing with the court, the prisoner no longer has control over his or her documents. *Munson*, 128 Idaho at 643, 917 P.2d at 800.

This case is distinguishable from *Munson* and *Lee* because, while Munson and Lee correctly addressed their documents to the clerk of the court, Larson did not. The record indicates that even though Larson identified the recipient of one of his mailings as the Bonner County Courthouse, he addressed the envelope to the prosecuting attorney's physical address. The petition for post-conviction relief was finally received by the clerk of the court after Larson discovered his error and sent a second copy to the correct address. The mailbox rule does not apply in this case because the reason the petition was not delivered was that Larson failed to address it properly, and not because some other factor such as the prison mail system interfered. The petition would have been timely under the mailbox rule if the envelope was properly addressed; however, it was not properly addressed. A petition being mailed to a wrong address by a non-incarcerated person would similarly be held as untimely. Therefore, Larson's petition for post-conviction relief was not timely filed with the clerk of the court.

Finally, Larson complains that the district court relied on an unpublished opinion issued by this Court in reaching its conclusion and that unpublished opinions shall not be cited as authority. We need not address this issue as the district court's conclusion is correct.

### III.

### CONCLUSION

Larson's petition for post-conviction relief was untimely. We affirm the district court's order summarily dismissing Larson's petition for post-conviction relief.

Judge GUTIERREZ and Judge HUSKEY **CONCUR**.