**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 44516**

| | |
|---|---|
| **HUMBERTO MEJIA JR.,** | **2017 Unpublished Opinion No. 671** |
| **Petitioner-Appellant,** | **Filed: December 15, 2017** |
| **v.** | **Karel A. Lehrman, Clerk** |
| **STATE OF IDAHO,** | **THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY** |
| **Respondent.** | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Thomas J. Ryan, District Judge.

Order summarily dismissing petition for post-conviction relief, <u>reversed</u>, and <u>case remanded</u>.

Eric D. Fredericksen, State Appellate Public Defender; Brian R. Dickson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Russell J. Spencer, Deputy Attorney General, Boise, for respondent.

---

HUSKEY, Judge

Humberto Mejia Jr. appeals from the district court's judgment dismissing his petition for post-conviction relief. Mejia argues on appeal that the district court erred by: (1) summarily dismissing Mejia's post-conviction petition without providing notice or the opportunity to respond; (2) summarily dismissing Mejia's claims based on information from hearings held in the underlying criminal case; (3) summarily dismissing Mejia's ineffective assistance of counsel claims as untimely; and (4) denying Mejia's motion for appointment of counsel. In this case, the district court incorrectly concluded Mejia's first petition for post-conviction relief was not timely filed, and consequently, did not address the relationship between the first and second petitions for post-conviction relief. We therefore reverse the district court's order dismissing Mejia's petition for post-conviction relief and remand this case to the district court for further

1

findings consistent with this opinion. Because we reverse the district court's order dismissing Mejia's petition for post-conviction relief, we need not address the remaining claims on appeal.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

In the underlying criminal case, Mejia pleaded guilty to felony domestic battery with traumatic injury, Idaho Code §§ 18-903, 18-918(2). The district court imposed a unified sentence of six years, with three years determinate. The district court entered the judgment on April 15, 2015, and retained jurisdiction. Thereafter, the district court issued an order relinquishing jurisdiction.

Mejia requested and was provided with a post-conviction legal packet from the Idaho Department of Correction on October 27, 2015. Mejia completed and signed his first pro se petition for post-conviction relief on November 1, 2015, and placed the petition in the prison mail system. Legal mail, which contained Mejia's petition and affidavit for post-conviction relief, was sent to the courthouse on November 5, 2015. The prison mail log confirms that mail was received from Mejia on November 5, 2015, and sent to the courthouse, but the contents of the mail were listed as "Not Known." Mejia filed a motion to postpone his post-conviction proceedings on January 21, 2016, to confirm the district court was aware of his post-conviction filing. The motion requested: "Wherefore, Defendant respectfully prays that this Honorable Court issue a stamped and 'return date' proving that my motion got heard & filed."

Mejia filed a second pro se petition for post-conviction relief on June 21, 2016. The same day, Mejia filed a motion and affidavit in support for appointment of counsel. The district court issued a memorandum decision and order which denied Mejia's motion for appointment of counsel. The district court summarized its holding as follows:

> As set forth below, Mejia's claim that his trial counsel was ineffective for failing to appeal the Court's denial of his Rule 35 motion is unsound, in that Mejia's initial motion and his appeal were untimely. Mejia's claim that his trial counsel was ineffective for failing to discover or raise issues is likewise unsound, in that it fails to assert any supporting facts, at all. The record also shows that the Court engaged in a lengthy discussion with Mejia about his plea of guilty and the subsequent sentencing options during both the arraignment and the sentencing hearing. As a result of the lack of such information, Mejia has failed to assert the possibility of a valid claim.

The district court later explained that Mejia alleged no facts and provided no admissible evidence to support the claim, and there was no evidence that Mejia unknowingly entered a

2

guilty plea. Furthermore, the district court held that Mejia's post-conviction claims were untimely, and thus, dismissed Mejia's petition for post-conviction relief with prejudice. Mejia timely appeals.

## II.

## STANDARD OF REVIEW

A petition for post-conviction relief initiates a proceeding that is civil in nature. I.C. § 19-4907; *Rhoades v. State*, 148 Idaho 247, 249, 220 P.3d 1066, 1068 (2009); *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). Like a plaintiff in a civil action, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action. *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004). A petition must contain much more than a short and plain statement of the claim that would suffice for a complaint under Idaho Rule of Civil Procedure 8(a)(1). Rather, a petition for post-conviction relief must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records, or other evidence supporting its allegations must be attached or the petition must state why such supporting evidence is not included with the petition. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations or the petition will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011).

Idaho Code Section 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986). Moreover, the district court, as the trier of fact, is not constrained to draw inferences in favor of the party opposing the motion for summary disposition; rather, the

3

district court is free to arrive at the most probable inferences to be drawn from uncontroverted evidence. *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Id.*

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the State does not controvert the petitioner's evidence. *See Roman*, 125 Idaho at 647, 873 P.2d at 901.

Conversely, if the petition, affidavits, and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be summarily dismissed. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008). If a genuine issue of material fact is presented, an evidentiary hearing must be conducted to resolve the factual issues. *Goodwin*, 138 Idaho at 272, 61 P.3d at 629.

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Sheahan*, 146 Idaho at 104, 190 P.3d at 923. Over questions of law, we exercise free review. *Rhoades*, 148 Idaho at 250, 220 P.3d at 1069; *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

### III.

### ANALYSIS

The dispositive issue in this case is whether Mejia timely filed his petitions for post-conviction relief. Post-conviction petitions must be filed "within one (1) year from the expiration of the time for appeal or from the determination of an appeal or from the

determination of a proceeding following an appeal, whichever is later." I.C. § 19-4902(a). Since the judgment and commitment in Mejia's criminal case was entered on April 15, 2015, Mejia needed to file his petition for post-conviction relief no later than May 26, 2016.

In this case, there are two petitions for post-conviction relief. The first petition was signed by Mejia on November 1, 2015, but does not contain a stamp to indicate the date it was filed. This petition exists only as a copy within the record on appeal, but it is referenced by an affidavit from the prison's paralegal. A second petition was filed June 21, 2016, and was stamped as such. Although Mejia claimed he tendered the first petition to prison officials on November 5, 2015, and such claim was supported by the prison paralegal's affidavit, the district court determined there was no indication the petition was ever filed with the court. With no additional basis for tolling the time for filing, the district court found Mejia's second petition (the only one at issue) was untimely because it was not properly filed until June 21, 2016.[1]

On appeal, Mejia argues that his first petition for post-conviction relief was timely filed because it was presented to prison authorities on November 5, 2015. Idaho courts have recognized that pro se inmates cannot control when their documents are delivered to the court clerk because they do not have direct access to the postal service. *See Munson v. State*, 128 Idaho 639, 643, 917 P.2d 796, 800 (1996). Under the "mailbox rule," an inmate's court documents are considered filed when they are delivered to prison authorities for the purpose of mailing to the court clerk. *Hayes v. State*, 143 Idaho 88, 91, 137 P.3d 475, 478 (Ct. App. 2006). The Idaho Supreme Court held that the mailbox rule applies for purposes of pro se inmates filing petitions for post-conviction relief. *Munson*, 128 Idaho at 643, 917 P.2d at 800.

In this case, the record contains evidence that Mejia's petition was delivered to prison authorities, and then sent as legal mail to the court on November 5, 2015. Under the mailbox rule, evidence of the delivery to prison authorities is sufficient to establish that the petition was filed on November 5, 2015, even if the record on appeal contains only a copy of the petition which has no stamp to indicate a filing date. On appeal, both parties agree on the following: first, the November 5, 2015, petition was timely filed; and second, the case should be remanded to the district court for determination as to whether counsel should be appointed and rule on the

---

[1]     The district court acknowledged that, under the mailbox rule, Mejia in fact filed his motion for post-conviction relief on June 15, 2016.

claims in the first petition. Based on the record and the agreement from the parties on appeal, we hold the November 5, 2015, post-conviction petition was timely filed.

However, there is a second post-conviction petition in this case, filed by Mejia on June 21, 2016. Unlike the first post-conviction petition, the parties disagree about whether the June 21, 2016, petition was timely filed. Mejia argues that because the second petition was a supplemental petition, it relates back to the filing of the November 5, 2015, petition. The State argues the second petition was, in essence, a successive petition that did not relate back to the first post-conviction petition, and therefore, was untimely.

The claims and requests for relief in the two petitions were not identical. Because the two petitions were not identical, the relationship between the two petitions clarifies whether the second petition was an amended petition, a supplemental petition, or a successive petition. The characterization of the second petition also determines whether the second petition relates back to the first petition. It is unclear whether the second petition was an amendment to the first petition, a supplement to the first petition, or a successive post-conviction petition. However, because the district court mistakenly determined the November 5, 2015, petition was not properly filed with the district court, the court did not make any findings regarding the relationship, if any, between the two petitions. Because the November 5, 2015, petition was timely filed, this Court remands this case to the district court for further factual findings regarding the claims in the first petition and whether the June 21, 2016, petition was an amended petition, a supplemental petition, or a successive petition.[2] In light of this clarification, the district court should revisit whether counsel should be appointed for Mejia.

---

[2]       Since we remand this case, we need not decide the three additional arguments on appeal, which include: whether the district court erred by summarily dismissing Mejia's post-conviction petition without providing Mejia notice or the opportunity to respond; whether the district court erred by summarily dismissing Mejia's claims based on information from hearings held in the underlying criminal case; and whether the district court erred by denying Mejia's motion for appointment of counsel.

## IV.
## CONCLUSION

We reverse the district court's order dismissing Mejia's post-conviction petition and denying Mejia's request for counsel, and we remand this case to the district court for further proceedings consistent with this opinion.

Chief Judge GRATTON and Judge GUTIERREZ **CONCUR**.