# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-10907
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 16, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

PABLO CANTU HERNANDEZ, also known as Paul Hernandez, also known
as Ledubijen Hernandez, also known as Viejo, also known as Mr. H.,

Defendant–Appellant.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 6:17-CR-42-3

Before HIGGINBOTHAM, SOUTHWICK, and WILLETT, Circuit Judges.

PER CURIAM:*

Pablo Cantu Hernandez, federal prisoner # 56212-177, moves for leave
to proceed in forma pauperis (IFP) on appeal from the district court's denial of
his motions for compassionate release, a sentence reduction, and
reconsideration. Because the applicable time limit for noticing an appeal in
this case is not jurisdictional, we pretermit the issue of the timeliness of Cantu

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 19-10907

Hernandez's notice of appeal. *See United States v. Martinez*, 496 F.3d 387, 388-89 (5th Cir. 2007); *United States v. Lewis*, 921 F.2d 563, 564 (5th Cir. 1991).

A movant seeking IFP status must show both financial eligibility and a nonfrivolous issue for appeal. *See Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982). Even if he satisfies the financial eligibility requirement, Cantu Hernandez has not shown a nonfrivolous appellate issue. *See id.* He makes no argument concerning the denial of his motion for compassionate release. Instead, he argues only that he is entitled to a sentence reduction pursuant to the safety-valve provision of the First Step Act of 2018, Pub. L. No. 115-391, § 402, 132 Stat. 5194, 5221 (2018), and that, contrary to the district court's findings, this provision applies to him.

The relevant provision of the First Step Act applies "only to a conviction entered on or after the date of enactment"—December 2018. § 402(b), 132 Stat. at 5221; *see United States v. Hegwood*, 934 F.3d 414, 416 (5th Cir.), *cert. denied*, 140 S. Ct. 285 (2019). The district court entered the criminal judgment against Cantu Hernandez long before December 2018, and there was no appeal. The safety-valve provision at § 402 thus does not apply under any construction of the term "conviction entered" as used in the statute. *See* § 402(b), 132 Stat. at 5221.

Accordingly, the motion to proceed IFP is DENIED, and the appeal is DISMISSED as frivolous. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983); 5TH CIR. R. 42.2.